IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, | |
| *Plaintiff*, | Case No. _____ |
| v. | |
| **CORRECTIONS CORPORATION OF AMERICA**, et al., | |
| *Defendants*. | JURY DEMAND |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW Plaintiff, through undersigned counsel, and respectfully submits the following as her Memorandum of Law in Support of Plaintiff's Motion for Protective Order:

Plaintiff has filed this lawsuit to vindicate her constitutional rights using a pseudonym ("Jane Doe") rather than her true identity. As alleged in the Complaint, the Plaintiff is a citizen and resident of rural Middle Tennessee. Plaintiff brings this action on her own behalf and alleges violations of the Fourth and Fourteenth Amendments, as well as state torts. The facts supporting her Complaint and the constitutional violations are highly sensitive in nature and extremely embarrassing. As alleged in the Complaint, Plaintiff was visiting an inmate in a prison, where she was victimized by a grossly intrusive inspection of her unclothed body and forced to display her vulva (while menstruating) to prison guards. Plaintiff has suffered embarrassment, humiliation, and other emotional trauma since this event. Given that she (1) has filed this lawsuit to vindicate her constitutional rights, and (2) continues to visit her inmate friend who is incarcerated at the facility, she fears that if her true identity is disclosed and becomes known, she will be subject to adverse consequences and repercussions in her community, work, and social life, and at the prison

1

facility. Furthermore, as Plaintiff was the victim of sexual abuse as a child, she is especially susceptible to the embarrassment, humiliation, and extreme emotional distress she would suffer should her name be made public.

The Court has the discretionary authority to enter a protective order to control discovery and protect the rights of the parties. *See Chemical and Industry Corp. v. Druffel*, 301 F.2d 126 (6th Cir. 1962). The Sixth Circuit in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), set forth a non-exhaustive, non-exclusive, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978) (courts should consider the "relevant facts and circumstances of the particular case"), four-factor test for determining when it is justified for a party to proceed under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Courts are to consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (internal quotes omitted).[1]

The first two factors of the *Porter* test are particularly relevant to the case at bar. First, Ms. Doe challenges the custom of the South Central Correctional Facility ("SCCF") to visually inspect the genitalia of all menstruating female visitors (to verify their menstruation) who enter the facility. South Central is a prison that houses Tennessee prisoners. (Compl. ¶¶ 1, 3). Defendant Corrections Corporation of America operates SCCF on behalf of the State of Tennessee. CCA is amenable to

---

[1] It is also relevant to consider whether the defendants are forced to proceed with insufficient information to present their arguments against the plaintiff's case. *See id.* at 561. In this case, any concerns that the Defendants could not adequately present their case are completely absent, as Plaintiff's proposed protective order contemplates that Plaintiff's true identity be made available for discovery under seal so as to prevent public embarrassment and harassment while not impeding Defendants' access to relevant information about Plaintiff.
2
Case 3:15-cv-00068   Document 3   Filed 01/22/15   Page 2 of 6 PageID #: 35

suit under the Civil Rights Act, 42 U.S.C. § 1983, because it stands in the state's stead to provide a traditional public function. *See, e.g., Street v. Corr. Corp. of Am.* 102 F.3d 810, 814 (6th Cir. 1996); *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Jane Doe is challenging the pattern, practice, and custom of searching female visitors in this invasive manner, which is tantamount to challenging government conduct. *See Doe 1 v. Michigan Dep't of Corr.*, No. 13-14356, 2014 WL 2207136 at *10 (E.D. Mich. May 28, 2014).

The second factor provides that a plaintiff may proceed pseudonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir. 1979) (footnotes and citation omitted); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("to preserve privacy in a matter of sensitive and highly personal nature"). *See also, e.g., Roe v. Wade*, 410 U.S. 113, 124 (1973); *Doe v. Bolton*, 410 U.S. 179, 187 (1973); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff to proceed under pseudonym due to the personal nature of pregnancy); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (identification as a homosexual person); *Compassion in Dying v. State of Washington*, 850 F. Supp. 1454, 1456 n. 2 (W.D. Wa. 1994) (intimate matter pertaining to end-of-life care, specifically physician-assisted euthanasia), *rev'd on other grounds*, 49 F.3d 586 (9th Cir. 1995), 79 F.3d 790 (9th Cir. 1996) (en banc) ("The names of the patients are pseudonymous in order to protect their privacy."), *rev'd on other grounds sub nom. Washington v. Glucksberg*, 521

3

U.S. 702 (1997); *WGA v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (AIDS status); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (sexual assault victim).[2]

Moreover, Plaintiff's experience of being forced to show her menstruating vulva to strangers is similar, in many ways, to some forms of sexual assault. Courts routinely grant anonymity to victims of sexual assaults (as does the news media). *See generally Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006) (noting that even courts disfavoring the use of fictitious names have recognized that "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity" and stating that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."); *cf.* John V. Pavlik, *Media in the Digital Age* (Columbia Univ. Press 2008) at 237-38; "Code of Ethics," Society of Professional Journalists, *available at:* < http://www.spj.org/pdf/spj-code-of-ethics.pdf> (last accessed Jan. 21, 2015); "AP News Values & Principles," The Associated Press, *available at:* < http://www.ap.org/company/news-values> (last accessed Jan. 21, 2015) . If her name were to be made public, it is highly likely to subject her to unnecessary and unwarranted public ridicule and shame. Further, Plaintiff's claims implicate her right to bodily integrity, which courts have often protected as one of the most intimate matters for

---

[2] Plaintiff concedes that factors three and four are inapplicable here. Factors one and two, however, weigh strongly in favor of permitting Plaintiff to proceed under a pseudonym with her true name discoverable subject to a protective order. Nonetheless, these four factors are guideposts to assist the Court; the Court should also grant Plaintiff's motion for a protective order to proceed under a pseudonym because Plaintiff's occupation involves working in the criminal justice system. Publicly revealing Plaintiff's conduct of visiting a person convicted of a crime in prison, especially given Plaintiff's vocation, may invite "an opprobrium analogous to the infamy associated with criminal behavior," warranting a protective order. *Porter*, 370 F.3d at 560. *See also Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (collecting cases and questioning whether a "party must admit criminal conduct or criminal intent in order to proceed under a fictitious name," particularly when the litigation involves a "quintessentially private matter" and public shame may invite "opprobrium analogous to the infamy associated with criminal behavior").

human beings. *Planned Parenthood of Southeastern Penn. v. Casey*, 505 U.S. 833, 857 (1992) (reproductive decisions involve questions of "personal autonomy and bodily integrity"). *See also, e.g., Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998) (describing a "violation of the most intimate kind of bodily integrity," "The act was not only an invasion of Rogers' privacy, but of the most private area of her body."). Naturally, being forced to publicly and in her own name recount graphic details of the violation of her personal integrity is likely to cause her further humiliation and shame. Both of these concerns are sufficiently intimate and stigmatizing to warrant the entry of the protective order. *See Doe 1*, 2014 WL 2207136 at *10 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)) (allegations of sexual harassment and abuse is "clearly a matter of 'the utmost intimacy'").

Plaintiff therefore requests to be allowed to proceed in this matter publicly under a pseudonym, with her true identity under seal and subject to a protective order prohibiting public disclosure and from public disclosure of information reasonably calculated to lead to the discovery of her true identity.

Dated: January 22, 2015

Respectfully submitted,

*(signature)*

Tricia Herzfeld (BPR No. 26014)
Elliott Ozment (BPR No. 4331)
William P. York II (BPR No. 30546)
OZMENT LAW
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888 (office)
(615) 321-5230 (fax)
tricia@ozmentlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Tricia R. Herzfeld, one of Plaintiff's attorneys, certify that I caused a copy of the foregoing document to be served contemporaneously with service of the complaint on the Defendants.

Respectfully submitted,

Tricia Herzfeld (BPR No. 26014)

*Attorney for the Plaintiff*