094-174-00

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ET AL,, ) | |
| ) | |
| vs. ) | No.: 3:15-0068 |
| ) | Judge Campbell |
| CORRECTIONS CORPORATION OF ) | Magistrate Judge Knowles |
| AMERICA, ET AL., ) | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, Corrections Corporation of America, Kelly Garska, Mia Qualls, Gina Gonzales, and Felicia Roach by and through counsel, file this Answer to Plaintiff's Complaint. These Defendants would rely upon the filed motion to dismiss and the affirmative defenses set forth below. The Defendants would further rely upon the statements of Counsel for the alleged plaintiffs concerning the alleged identity of the specific Jane Does as referenced in the second amended complaint.

### A. GENERAL OBJECTION

Defendants object to the allegations appearing in the Plaintiffs' Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain inferences beyond the factual assertions alleged. Such apparent or unapparent inferences are expressly and unequivocally denied and Defendants demand strict proof thereof.

### B. ADMISSIONS AND DENIALS

These Defendants respond to the separately numbered paragraphs of the Plaintiffs' Second Amended Complaint as follows:

1

1. Deny that Plaintiffs have any cause of action and would rely upon the filed motion to dismiss and the affirmative defenses as set below.

2. Admit Plaintiff Jane Doe #1 has been a visitor at SCCF. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

3. Admit that Plaintiff Jane Doe #2 has been a visitor at SCCF and has filed a Motion for Protective Order. Deny that any act or omission of Defendants caused humiliation or embarrassment to Plaintiff. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

4. Admit that Plaintiff Jane Doe #3 has been a visitor at SCCF and has filed a Motion for Protective Order. Deny that any act or omission of Defendants caused humiliation or embarrassment to Plaintiff. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

5. Admit that Plaintiff Minor Doe #1 has filed a Motion for Protective Order. Deny that any act or omission of Defendants caused humiliation or embarrassment to Plaintiff. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

6. Admit that Plaintiff Minor Doe #2 has filed a Motion for Protective Order. Deny that any act or omission of Defendants caused humiliation or embarrassment to Plaintiff. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

7. Admit that Plaintiff Minor Doe #3 has filed a Motion for Protective Order. Deny that any act or omission of Defendants caused humiliation or embarrassment to Plaintiff. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

8. Admit that Corrections Corporation of America is a Maryland Corporation properly doing business in the State of Tennessee. Admit that CCA manages SCCF pursuant to an agreement with the Tennessee Department of Correction and under statutory authority. Defendants would object to the other allegations of the plaintiffs in that they are irrelevant and should be stricken pursuant to Rule 12.06 of the FRCP.

9. Rely upon Defendants' Motion to Dismiss.

10. Rely upon Defendants' Motion to Dismiss.

11. Admit that Defendant Garska is a correctional officer at SCCF. Deny that Plaintiffs are entitled to any relief whatsoever and rely upon Defendants' Motion to Dismiss.

12. Admit that Defendant Qualls is a correctional officer at SCCF. Deny that Plaintiffs

are entitled to any relief whatsoever and rely upon Defendants' Motion to Dismiss.

13. Admit that Defendant Gonzales was at all times relevant to Plaintiff's Complaint a correctional officer and involved in the oversight of visitation with inmates at SCCF. Deny that Plaintiffs are entitled to any relief whatsoever and rely upon Defendants' Motion to Dismiss.

14. Admit that Defendant Roach is a correctional officer at CCF. Deny that Plaintiffs are entitled to any relief whatsoever and rely upon Defendants' Motion to Dismiss.

15. Without sufficient information or knowledge to admit or deny the allegations appearing in this paragraph and demand strict proof thereof.

16. Without sufficient information or knowledge to admit or deny the allegations appearing in this paragraph and demand strict proof thereof.

17. Without sufficient information or knowledge to admit or deny the allegations appearing in this paragraph and demand strict proof thereof.

18. Defendants do not dispute that this Court has proper jurisdiction over the Plaintiffs' federal claims. Defendants object to the Court exercising jurisdiction over the stated state law claims and would request that the Court deny said pendent jurisdiction. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

19. Defendants do not dispute that venue is proper in this Court. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

20. Based upon information and belief, admitted.

21. Admit.

22. Admit.

23. Deny.

24. Deny.

25. Admit that Plaintiff removed the wrapped sanitary napkin and placed it on the desk to show Defendant Garska. Further admit that Garska responded that SCCF would have to give Plaintiff a CCA-approved sanitary napkin. Deny all other allegations appearing in this paragraph.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny that Defendant Garska "isolated" Plaintiff. Admit all other allegations in this paragraph.

31. Admit as to Garska.

32. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

33. Admit as to the stated policy, but assert that Defendants explained to Plaintiff she had the right to leave the SCCF Facility. Defendants further object to the inference contained in said paragraph.

34. Deny.

35. Deny.

36. Deny.

37. Admit.

38. Admit that Qualls did come to the area. Deny the remaining allegations.

39. Deny as to the inference and Defendants rely upon the above responses.

40. Admit that Qualls did enter the women's restroom. Deny the remaining allegations.

41. Deny.

42. Deny.

43. Deny that Defendant Garska stood directly in front of Plaintiff and deny that any other SCCF staff stood outside the door to the knowledge of said defendants in that said door was closed. Admit that Defendant Qualls stood facing the bathroom door.

44. Deny.

45. Deny.

46. Deny.

47. Deny as to the inference as alleged by the plaintiff and would rely upon the above responses. Admit that plaintiff did leave the area and proceed to visitation.

4

48. Admit that plaintiff was allowed to visit the inmate but again deny the inference and would rely upon the above responses.

49. Deny.

50. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

51. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

52. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

53. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

54. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

55. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

56. Deny and rely upon the Motion to Dismiss filed by Defendant Sullivan and Defendant Chapman.

57. Admit that on or about May 11, 2014, Plaintiff Jane Doe #2, came to SCCF to visit an inmate. Without sufficient information or knowledge to admit or deny all other allegations of this paragraph and therefore demand strict proof thereof.

58. Admit.

59. Based upon information and belief, admit.

60. Deny.

61. Based upon information and belief, admit.

62. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

63. Deny.

64. Deny.

5

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Admit Defendant Gonzales made such statement because Plaintiff wanted to use her own sanitary napkin instead of a CCA approved sanitary napkin.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny as to the inference and would rely upon the above responses.

79. Deny.

80. Admit that the facilities do provide feminine products for visitors as needed. Without information as to the other allegations and demand strict proof thereof.

81. Deny.

82. Deny as to these Defendants as to what was informed to plaintiff and without information or knowledge as to the thoughts of the plaintiff.

83. Deny.

84. Plaintiff did proceed with her visit. No response can be made by the defendants as to the allegations of the plaintiff's thoughts and feelings. Deny the remaining allegations.

85. Admit but deny the inference.

86. Admit that on or about March 8, 2014, Jane Doe #3 came to SCCF to visit an inmate. Without sufficient information or belief to admit or deny all other allegations appearing in this paragraph and demand strict proof thereof.

87. Admit.

88. Without sufficient information or knowledge to admit or deny the allegations appearing in this paragraph and demand strict proof thereof.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

109. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

116. Admit that Plaintiff again came to SCCF on or about April 12, 2014 to visit an inmate and brought three children with her. Without sufficient information to admit or deny the remaining allegations in this paragraph and demand strict proof thereof.

117. Admit.

118. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

119. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

120. Deny.

121. Deny.

122. This allegation is not addressed towards these defendants, therefore no response is necessary.

123. This allegation is not addressed towards these defendants, therefore no response is necessary.

124. This allegation is not addressed towards these defendants, therefore no response is necessary.

125. This allegation is not addressed towards these defendants, therefore no response is necessary.

126. This allegation is not addressed towards these defendants, therefore no response is necessary.

127. This allegation is not addressed towards these defendants, therefore no response is necessary.

128. This allegation is not addressed towards these defendants, therefore no response is necessary.

129. This allegation is not addressed towards these defendants, therefore no response is necessary.

130. Deny.

131. Deny.

132. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

133. Deny.

134. Deny.

135. Deny.

136. Admit that no form was given but deny all other inferences contain in said paragraph.

137. Deny.

138. These Defendants would rely upon the responses as set forth above.

139. Without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore demand strict proof thereof.

140. No response is necessary by these Defendants.

141. Deny as to speculation.

142. Deny.

143. Deny the inference in said paragraph.

144. Deny.

145. Deny.

146. Defendants would rely upon the responses as set forth above.

147. Deny.

148. Admit the TDOC imposed a policy concerning searches in February 2014. Deny all other allegations appearing in this paragraph and the inferences contained therein.

149. Admit.

150. Deny.

151. Admit.

152. Admit but would again deny the inference contained therein.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Deny.

164. Deny as to statement of policy.

165. Deny.

166. Deny the inference as contained in said paragraph.

167. Deny.

10

Case 3:15-cv-00068   Document 41   Filed 03/23/15   Page 10 of 18 PageID #: 256

168. Deny.

169. Deny.

170. Deny.

171. Deny.

172. Defendants would rely upon the responses as set forth above.

173. Deny.

174. Deny.

175. Deny.

176. Deny.

177. Deny.

178. Defendants would rely upon the responses as set forth above.

179. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

180. Deny.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Defendants would rely upon the responses as set forth above.

187. Admit.

188. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof. The Defendants would further state that said legal conclusion is immaterial and irrelevant.

189. Admit that all individuals have body orifices that can be used for the hiding of

11

contraband. Admit that said orifices are different between men and women. Deny the remaining statement in its wording and use of specific terms.

190. Deny.

191. Deny.

192. Deny.

193. Admit but deny the inference in said paragraph.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Defendants would rely upon the responses as set forth above.

199. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

204. Deny as to the knowledge and information of these Defendants.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

212. Deny.

213. Deny.

214. Defendants would rely upon the responses as set forth above.

215. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

216. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

217. Deny.

218. Deny as to the conclusory statement of only one reason for Tennessee's procedures.

219. Deny.

220. Deny.

221. Deny.

222. Deny.

223. Defendants would rely upon the responses as set forth above.

224. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

225. Deny.

226. Deny.

227. Deny.

228. Deny.

229. Deny.

230. Deny.

231. Defendants would rely upon the responses as set forth above.

232. No response is necessary as this paragraph states a legal conclusion and Defendants would demand strict proof thereof.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

237. Deny.

238. Defendants would rely upon the responses as set forth above.

239. Deny.

240. Deny.

241. Deny.

242. Deny.

243. Deny.

244. Deny.

245. Deny.

246. Defendants would rely upon the responses as set forth above.

247. Admit.

248. Deny.

249. Deny.

250. Deny.

251. Deny.

252. Deny.

253. Deny.

254. Defendants would rely upon the responses as set forth above.

255. Deny.

256. Deny.

257. Deny.

258. Deny.

259. Deny.

260. Deny.

PRAYER FOR RELIEF: Defendants deny that Plaintiffs are entitled to any relief whatsoever and deny all allegations in the prayer for relief and would rely upon the affirmative defenses as set forth below.

### C. GENERAL DENIAL

All allegations of the Complaint not admitted, denied or explained are now expressly denied, and these Defendants demand strict proof thereof. Defendants deny that the Plaintiffs are entitled to any relief as to these defendants and that Plaintiffs have failed to set forth a claim and therefore their Complaint should be dismissed. These defendants would further state that they should be entitled their reasonable and necessary attorneys' fees and expenses pursuant to 42 U.S.C. §1988.

### D. AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed. The Defendants rely upon the filed Motion to Dismiss.

2. To the extent that Plaintiffs' 42 U.S.C. § 1983 claims against CCA are based on a *respondeat superior* theory of liability, such claims are without merit and are not allowable under 42 U.S.C. § 1983.

3. At all times, these Defendants acted in good faith with respect to the treatment of

15

Plaintiffs, and Plaintiffs suffered no deprivation of any Constitutional rights. Defendants deny that they violated any of the Plaintiffs' constitutional rights, including rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

4. At all times relevant, CCA had policies and procedures in effect to protect the Constitutional rights of all individuals and such policies.

5. Defendants affirmatively plead any and all immunities, whether absolute or qualified, including the Public Duty Doctrine. Immunity has not been waived, therefore, Plaintiffs may not recover from these defendants.

6. At all times relevant, Defendants acted in good faith, without breaching any operational duty and therefore Plaintiffs may not recover from these Defendants.

7. Defendants deny that they breached any duty that they may have owed to the Plaintiffs in a correctional setting.

8. Plaintiffs' claims fail to rise to the level of a constitutional violation and therefore, Plaintiffs fail to state a claim upon which relief can be granted.

9. At all times relevant, Defendants acted in good faith, without any subjective denial of the Plaintiffs' Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect plaintiffs. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner, given the information and circumstances then and there known to these Defendants.

10. Defendants affirmatively assert that the conduct of Plaintiffs was the legal cause and cause in fact of any injury or damages allegedly suffered by them. Therefore, there can be no recovery from these defendants.

11. Defendants rely upon the doctrine of modified comparative fault under the laws of the

State of Tennessee as it may apply to the allegations in the Complaint, and as fault may be apportioned to parties other than these Defendants. In addition, to the extent that discovery reveals the fault of a non-party to this cause, these Defendants specifically reserve the right to amend the answer to name that non-party and to seek to apportion fault to that non-party consistent with the doctrine of modified comparative fault.

12. Defendants deny that they were guilty of any negligent act, either of omission or commission that was a direct or proximate cause of any injuries or damages allegedly experienced by Plaintiffs.

13. Any injuries, damages or losses that may have been sustained were the proximate result of an independent intervening act and/or superseding cause for which Defendants cannot be held liable.

14. Defendants deny that they intentionally deprived Plaintiffs of any constitutional rights.

15. Certain claims made by Plaintiffs violate the applicable statute of limitations, therefore, dismissal is appropriate.

16. To the extent that Plaintiff has made a claim for punitive damages, Defendants move, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the Plaintiffs may be entitled.

17. Defendants affirmatively reserve their right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may became warranted due to discovery or factual developments.

Respectfully submitted,

PENTECOST & GLENN, PLLC

By: s/James I. Pentecost
James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#31318)
Attorneys for Defendants
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com
jyork@pgandr.com

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or paper (Joint Motion to Continue) upon each attorney or firm of attorneys appearing of record by mail or by electronic mail via the Court's electronic filing system.

Tricia Herzfeld
Harry Elliott Ozment
William Patrick York , II
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217

DATE: This the 23rd day of March, 2015.

PENTECOST & GLENN, PLLC

By: s/James I. Pentecost
James I. Pentecost (#11640)
Attorney for Defendants