IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**CORRECTIONS CORP. OF AMERICA**, et al.,<br><br>*Defendants*. | Case No. 3:15-cv-68<br><br>Judge Campbell<br>Magistrate Judge Knowles<br><br><br><br>JURY DEMAND |

## AGREED PROTECTIVE ORDER

Plaintiffs Jane Doe #1-3 and Minor Does #1-3, and Defendants Trinity Services Group, Inc., and Debra Roberts Cornwall, anticipate that the parties will produce certain confidential and protected information and things during the course of discovery in this action ("the Litigation"), including, but not limited to, information covered by the Court's protective order concerning the true identities of the Plaintiffs (Doc. 11). Accordingly, the Court finds that the parties have shown "good cause" for entry of a protective order pursuant to Fed. R. Civ. P. 26(c). Without waiving any objections to any discovery requests, to the provision of initial disclosures, or to the sufficiency of the discovery responses or disclosures, and upon consideration of the entire record, IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

1. For the purposes of this Protective Order, the following definitions shall govern:

(a) "Party" shall mean a named party in this Litigation and its employees and agents, and "Parties" shall mean the named parties in this Litigation and their employees and agents.

(b) "Confidential Information" shall mean information that is not generally known to, and that the general public cannot readily obtain by proper means, and, if disclosed, may adversely affect the producing Party's business operations, proprietary information of the Party, and/or interests in individual privacy, including personal or financial information such as individuals' home addresses, financial material not otherwise discoverable, and

personal contact information, including current address, telephone number(s), and email address(es). "Confidential Information" shall also mean information governed by the Court's protective order concerning the true identities of the Plaintiffs (*see* Doc. 11). "Confidential Information" shall also include any investigatory documents or a description of the investigatory process. "Confidential Information" shall also mean documents that will lead to the disclosure of operational aspects of the prison system or documents or descriptions that pose a safety and security risk to and/or disclose the personal and employment information of prison staff and incarcerated persons.

(c) "Counsel" shall mean all attorneys for the Parties in the Litigation.

2. Documents, deposition testimony and things that the Parties believe in good faith to contain Confidential Information may be marked "CONFIDENTIAL." Any item not marked "CONFIDENTIAL" need not be treated as Confidential Information under this Order unless the provisions of Paragraph 10 are invoked.

3. Except as otherwise directed by the Court, the documents and things the Parties mark "CONFIDENTIAL," and the information contained therein, shall be kept confidential, and except as noted in this Order, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a) Counsel and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees;

(b) The receiving Party because of a bona fide need to know the Confidential Information or because of an order of the Court; but, this exception to allow disclosure to Parties does not mean Parties' Counsel shall be allowed to receive or be provided any personal information (such as home addresses, personal telephone numbers, personal email addresses, etc.) of the individual defendants, employees of any correctional facility, or of Plaintiffs, except: (1) to the extent that the information is already in a Party's possession, custody, or control; and (2) for use by Defendants for legitimate business purposes including ongoing inmate visitation;

(c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by Counsel for the sole purpose of assisting Counsel in the Litigation;

(d) The Court and court employees, court reporters, stenographers, and videographers;

(e) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated;

(f) Witnesses at deposition or trial; and

(g) Such other persons as hereafter may be designated by written agreement of the Parties or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

4. If Counsel for any Party believes it necessary in preparation of the case to reveal Confidential Information to persons who are not otherwise entitled to see such information in accordance with this Protective Order, then Counsel who wishes to disclose such Confidential Information shall first seek the prior consent of Counsel for the producing Party. If such consent is granted, then Counsel wishing to use such information shall ensure that those individuals to whom Confidential Information is disclosed are first made aware of the provisions of this Protective Order and agree to be bound by its terms. Nothing herein precludes any Party to request that the Court order the sharing of said confidential information if consent is not given by the other Party.

5. In the event that Confidential Information subject to this Protective Order is likely to be disclosed during the course of a deposition, then Counsel for the Parties may designate certain types of Confidential Information at the outset of the deposition, or during the course of the deposition, where appropriate. When making such a designation, Counsel shall direct the court reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL." The Parties shall each have the right to exclude from the portion(s) of a deposition during which Confidential

Information is disclosed any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL".

6. That all persons, other than the Parties and their Counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Protective Order, are prohibited from using or disclosing to any other person not authorized under this Protective Order to receive such information. The information contained in documents and things designated as "CONFIDENTIAL" and deposition testimony and transcripts relating to such documents and things, may be disclosed only for the purposes of this Litigation and for no other purpose except as otherwise required by law. Counsel shall provide any person having access to Confidential Information pursuant to paragraph 3(c) and 3(f) a copy of this Protective Order and shall advise said person that any violation thereof will be punished as contempt.

7. No Confidential Information may be filed with the Court, whether the actual confidential document or information from a confidential document, unless Counsel for the Party with an interest in protecting such Confidential Information agrees to the filing (with or without redaction of certain information), or, the filing is under seal.

8. Those documents, deposition transcripts or other information identified by the Parties as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of Counsel for the receiving Party, and at the termination of this Litigation, unless otherwise ordered by the Court, either shall be returned to the producing Party or shall be destroyed within 10 days of the termination of this Litigation.

9. A Party shall not be obligated to challenge the propriety of the designation of a document as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party disagrees with another Party's designation of any document as "CONFIDENTIAL," the disagreeing Party shall request in writing that the producing Party redesignate such document, such request setting forth the specific documents at issue and the reasons the receiving Party believes such document should be redesignated. If the producing Party does not redesignate the document within five (5) business days after receipt of

the request to redesignate, the receiving Party may then make a motion with the Court seeking the redesignation of such documents. The producing Party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status.

10. If through inadvertence, error or oversight, a Party fails to properly designate a document, tangible thing, deposition testimony or information as "CONFIDENTIAL" at the time of production or disclosure, it shall promptly notify the receiving Party of such error or oversight as soon as the error or oversight is discovered. The Party shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified "CONFIDENTIAL." Thereafter, the Parties shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally and any persons who received such Confidential Information prior to that time shall be notified thereof.

11. By making information and documents designated as "CONFIDENTIAL" available for use in this Litigation, no Party has waived or compromised the confidentiality, protectability, trade secret status, or privilege of the information or documents.

12. This Protective Order may be modified or amended by further stipulation between the Parties and/or order of the Court for good cause shown.

IT IS SO ORDERED.

ENTER THIS ___ DAY OF _____, 2015.

_____
UNITED STATES _____ JUDGE

Dated: June 16, 2015                                                                  Respectfully submitted,

s/ Gregory D. Cote                                                                    s/Tricia Herzfeld
Gregory D. Cote                                                                       Tricia Herzfeld (BPR No. 26014)
McCarter & English, LLP                                                               Elliott Ozment (BPR No. 4331)
265 Franklin Street                                                                   William P. York II (BPR No. 30546)
Boston, MA 02110                                                                      OZMENT LAW
(617) 449-6500 (office)                                                               1214 Murfreesboro Pike
(617) 326-3098 (fax)                                                                  Nashville, TN 37217
gcote@mccarter.com                                                                    (615) 321-8888 (office)
*admitted pro hac vice*                                                               (615) 321-5230 (fax)
                                                                                      tricia@ozmentlaw.com

*Attorney for Defendants Trinity*                                                     *Attorneys for Plaintiffs*
*Services Group, Inc., and Debra*
*Roberts Cornwall*


s/Nathan D. Tilly
James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#031318)
Pentecost & Glenn, PLLC
106 Stonebridge Boulevard
Jackson, TN 38305
(731) 668-5995 (office)
(731) 668-7163 (fax)
jpentecost@pgandr.com
jyork@pgandr.com
ntilly@pgandr.com

*Attorneys for Defendants Corrections*
*Corporation of America, Avril Chapman,*
*Daniel Sullivan, Kelly Garska, Mia Qualls,*
*Gina Gonzales, Felicia Roach and Mercedes Jones*

## CERTIFICATE OF SERVICE

    I, Gregory D. Cote, that on this 16th day of June, 2015, a true and accurate copy of the foregoing Agreed Protective Order was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all registered participants of the ECF system who have entered an appearance in this action.

                                                      /s/ Gregory D. Cote