IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE, ET AL., )
)
    Plaintiffs, )
)
v. ) NO. 3:15-cv-68
) JUDGE CAMPBELL
CORRECTIONS CORPORATION OF )
AMERICAN, ET AL., )
)
    Defendants. )

## MEMORANDUM OPINION

Pending before the Court is Defendants' Renewed Partial Motion to Dismiss. Docket No. 57. For the reasons set forth herein, the Court will deny this motion.

### I.    Factual Background and Procedural History

Plaintiffs are three women ("Women Plaintiffs") who allege that in spring of 2014 they visited inmates at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, a prison privately managed, but not owned, by Corrections Corporation of America ("CCA'). Plaintiffs allege that during their respective visits, upon CCA's staff at the security checkpoint seeing menstrual care products in their possession, CCA's staff required them to expose their unclothed genitalia to female corrections officers to "verify" that they were menstruating before allowing them to enter the facility. Docket No. 51 at 2 (Third Amended Complaint). One of the women also proceeds on behalf of her three minor children ("Child Plaintiffs"), whom correction officers allegedly forced to be present in the women's bathroom while officers searched their mother in this fashion because of CCA's policy that parents must supervise children at all times while at CCA. Plaintiffs all proceed under the pseudonym "Jane Doe" as the magistrate judge granted their motions for protective orders based on the embarrassing nature of the alleged incidents. Docket No. 11 (Protective Order), 31 and

70 (Agreed Protective Orders).

Plaintiffs filed their initial Complaint in this matter in January 2015. The operational complaint is the Third Amended Complaint, which was filed in April 2015. The defendants named in this action, along with their positions at SCCF at the time of the alleged incidents, are as follows: CCA, a for-profit, publicly-traded company that, according to its website, "designs, builds, manages and operates prisons, jails, detention centers and residential reentry centers;" Arvil "Butch" Chapman, the warden of SCCF; Daniel Sullivan, the chief of security at SCCF; Gina Gonzales, the CCA employee in charge of visitation at SCCF; Kelly Garska, a correctional officer or guard at SCCF; Mia Qualls, a correctional officer or guard at SCCF; Felicia Roach, a correctional officer or guard at SCCF; Mercedes Jones, a correctional officer or guard at SCCF; Trinity Services Group, Inc., which contracts to provide food services in correctional facilities; and Debra Roberts Cornwall, an employee of Trinity Services Group. Plaintiff alleges that CCA operates SCCF under the full authority of the State of Tennessee and that CCA and its employees were, accordingly, acting under color of state law during the alleged incidents. The claims against each of the natural persons are brought in both their official and individual capacities.

Plaintiffs' claims are as follows:

- Liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), against CCA, Chapman, Gonzales, Sullivan, Trinity Services Group;
- Unconstitutional search under the Fourth and Fourteenth Amendments, brought by the Women Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983;
- Violation of substantive due process rights under the Fourteenth Amendment, brought by Women Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983;

- Violation of equal protection of the law under the Fourteenth Amendment, brought by Women Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983;

- Unconstitutional seizure under the Fourth and Fourteenth Amendments, brought by all Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983;

- Violation of procedural due process rights under the Fourteenth Amendment, brought by Women Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983;

- Intentional or negligent infliction of emotional distress, brought by all Plaintiffs against all Defendants;

- Negligence, brought by all Plaintiffs against all Defendants;

- Assault, brought by Plaintiffs Jane Doe #1 and #3 against Defendants Garska, Roach, Jones, and CCA;

- Invasion of privacy, brought by Women Plaintiffs against all Defendants;

- False imprisonment, brought by all Plaintiffs against all Defendants;

Plaintiffs seek to have the Court declare Defendants' alleged strip-search policy unconstitutional and to enjoin Defendants from continuing to conduct such searches. The lawsuit also seeks compensatory and punitive damages.

## II. Standard of Review

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## III. Legal Analysis

### A. Official Capacity Claims

Defendants argue that the official capacity claim brought against each defendant who is a natural person should be dismissed because they are redundant of the claims against the entities of which they are agents, which are also named as defendants. The Supreme Court has held that official-capacity claims are "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). For this reason, some courts have held that "[w]here the entity is named as a defendant, an official-capacity claim is redundant." *Foster v. Michigan.*, 573 F. App'x 377, 390 (6th Cir. 2014) (citing *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x. 322, 327 (6th Cir.2013); *see also Cuvo v. De Biasi*, 169 F. App'x. 688, 693 (3d Cir.2006) (affirming dismissal "against the officers in their official capacities because a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them"); *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 419 (M.D. Pa. 2014) ("The Court is persuaded by the Third Circuit's approval of the practice of dismissing redundant official capacity claims, and finds no reason to preserve the claims here.").

Defendants concede that under the doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908),

4

official capacity claims are not considered redundant to claims against the state where plaintiffs seek injunctive relief because official-capacity actions for prospective relief are not treated as actions against the state. *See Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985) ("[I]mplementations of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State."); *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988) ("The *Ex parte Young* fiction is that acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; thus, illegal acts by state officials cannot be considered acts done under the state's authority."). However, Defendants argue that this doctrine is not applicable here because this case is not against the state, but instead is an action against private corporations. As a result, according to Defendants, claims against individual defendants in their official capacities are redundant of the prospective injunctive relief sought against CCA.

Plaintiffs counter that the official capacity claims are not superfluous in this case exactly because CCA is a private entity. They argue that if the Court were to issue an injunction against CCA and CCA at some point stopped managing the facility, Plaintiffs would be left without an enforceable injunction because the injunction against CCA would be ineffectual at binding the government officials who would then be responsible for issuing and enforcing the visitor search policies at the prison. Plaintiffs cite *Graham* for the proposition that "[i]n an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office. Docket No. 63 at 5 (Pl.'s brief) (citing *Graham*, 473 U.S. at 166 n.11 (citing Fed. R Civ. P. 25(d)(1) (now Rule 25(d)), Fed. R. App. P. 43(c)(1) (now Rule 43(c)(2)), Sup. Ct. R. Rule 40.3 (now Rule 35.3))). Defendants counter that all of the individual defendants

5

besides Defendant Cornwall are employees of CCA and that if CCA ceased to manage SCCF, the individual defendants would have no power to effect an injunction because they would no longer work at SCCF. Docket No. 45 at 4 (Def.'s Resp. in Opp. to Pl.'s Motion to Amend). Neither party cites any case law on whether the automatic substitution rules would (or would not) apply in a situation contemplated by Plaintiff.

Even if the official-capacity claims were, in fact, duplicative of the claims against CCA, this Court need not dismiss them. After all, "[m]otions to dismiss pursuant to Rule 12(b)(6) test the validity of the complaint. A claim that is redundant is not necessarily invalid." *Conner v. Borough of Eddystone, Penn.*, No. CIV.A. 14-06934, 2015 WL 1021363, at *2 (E.D. Pa. Mar. 6, 2015) (quoting *Crighton v. Schuylkill Cnty.*, 882 F. Supp. 411, 415 (E.D. Pa.1995)) (both courts declining to dismiss official capacity claims as redundant of claims against the government entity also named as a defendant in the action); *see also Barnett v. Baldwin Cnty. Bd. of Educ.*, 60 F. Supp. 3d 1216, 1236 (S.D. Ala. 2014) (same); (*Capresecco v. Jenkintown Borough*, 261 F. Supp.2d 319, 322 (E.D. Pa.2003) (same).

As Defendants have cited no case law to convince the Court that the *Ex parte Young* doctrine does not apply to CCA as it is performing the government function of running a prison or that maintaining the official capacity claims may not be necessary, as Plaintiffs argue, to ensure continuity of any injunctive relief this Court might grant, the Court denies Defendants' motion to dismiss the official capacity claims at this time.

### B.     Individual Claims Against Defendants Chapman and Sullivan

Defendants next argue that the individual claims brought against Defendants Chapman and Sullivan should be dismissed because Plaintiffs failed to allege personal involvement of these

6

defendants. The Sixth Circuit has held that *respondent superior* is not a proper basis for liability under Section 1983:

> § 1983 liability must be based on more than *respondeat superior*, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks and citation omitted).

Contrary to Defendants' assertions, Plaintiffs' allegations in this action go beyond failure to supervise employees. Plaintiffs allege that these defendants, at a minimum, knowingly acquiesced in the conduct at issue, and likely created and/or authorized the policy that led to the alleged searches of Plaintiffs. Plaintiff Jane Doe #1 allegedly called Defendant Sullivan, chief of security, after leaving the facility to ask if it was standard for a female visitor to be asked to remove her pants and underwear for a search to verify she was menstruating, to which he allegedly responded in the affirmative. Docket No. 51 at 12 (Third Amended Complaint). Jane Doe #2 alleges that the CCA employees wrote in a logbook that Defendant Gonzales searched her "due to her having pads on her person." *Id.* Some of the correctional offices alleged to have conducted these searches allegedly told the women that policy required that they search the women in that fashion. In fact, Defendant Gonzales, the CCA employee in charge of visitation at SCCF, allegedly told one of the plaintiffs that the search was company policy, that it was not her rule, and that she did not make the rules but was required to enforce them. *Id.* at 14. The number of staff members involved over three different incidents spanning three different months (March through May, 2014) itself is indicative of this

7

practice being a policy dictated from a higher level of management. Plaintiffs have alleged sufficient facts, accepted as true, to allow the court to draw the reasonable inference that these defendants are liable for the alleged incidents.

## IV. Conclusion

For the foregoing reasons, the Court will DENY Defendants' Renewed Partial Motion to Dismiss. Docket No. 57.

An appropriate order is filed herewith.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE