# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, et al., *Plaintiffs*, v. **CORRECTIONS CORPORATION OF AMERICA**, et al., *Defendants*. | Case No. 3:15-cv-68<br><br>Judge Campbell<br>Magistrate Judge Knowles<br><br>JURY DEMAND |

## MOTION TO VOLUNTARILY DISMISS

COME NOW Plaintiffs Jane Doe #3, on behalf of herself and as next friend of Minor Doe #1 and Minor Doe #2, and Minor Doe #3 ("the Doe #3 Plaintiffs), and hereby move this Honorable Court for permission to take a nonsuit and have an order DISMISSING their claims, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

As cause for this motion, the Doe #3 Plaintiffs wish to nonsuit this case at this time. Because the Doe #3 Plaintiffs were not obligated to bring their claims in this action with the other Plaintiffs, they should not now be prevented from nonsuiting their claims. Because Defendants have served an answer and their counsel has indicated Defendants do not consent to dismissal without prejudice, the Doe #3 Plaintiffs seek the Court's discretion to dismiss their claims pursuant to Fed. R. Civ. P. 41(a)(2).

The Sixth Circuit has held that in exercising district courts' discretion under Rule 41(a)(2), courts should consider the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (quoting *Grover by Grover v. Eli Lilly and Co.*, 33

F.3d 716 (6th Cir. 1994)) (internal quotation marks omitted). The parties have not yet completed discovery in this case, so any trial preparation expenses incurred by Defendants solely with respect to the Doe #3 Plaintiffs should be *de minimis*. To date, all of the plaintiffs in this case, including the Doe #3 Plaintiffs have worked to expedite this litigation, and, no motion for summary judgment has been filed. Thus, there is no indication of any realistic legal prejudice to Defendants to justify requiring the Doe #3 Plaintiffs to have to provide some detailed explanation for desiring to nonsuit their claims. *Cf. Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (explaining that even the possibility that a tactical advantage could somehow arise is not sufficient "plain legal prejudice" to warrant denying a nonsuit).

Defendants have indicated that a concern for possible duplicative trials in the future is the reason they will not consent to the taking of a nonsuit by the Doe #3 Plaintiffs. The Sixth Circuit, consistent with other courts, appears to recognize that "the mere prospect of a second lawsuit" is not "plain legal prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) ("plain legal prejudice … as opposed to facing the mere prospect of a second lawsuit")*.*; *see also 4405 Bay Valley Family Land Trust v. Hughes Watters Askanase, LLP*, No. 3:13-cv-2545, 2014 WL 772953, *3 (N.D. Tex. Feb. 27, 2014) (quoting *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012).The Doe #3 Plaintiffs' claims are distinct and separate from those of Jane Doe #1 and Jane Doe #2. The dates of the occurrences giving rise to the Doe #3 Plaintiffs' claims differ from the other Plaintiffs' injuries. (*Compare* 3d Am. Compl., Doc. 51, ¶¶ 20, 57 (Does #1 and #2) *with* ¶¶ 88, 118 (Doe #3 and the Minor Does)). The Doe #3 Plaintiffs should not be prevented from nonsuiting their claims merely because their claims have been alleged to arise from a common corporate policy or practice as the other plaintiffs in this action. Thus, Defendants' objection should not disturb

the "sensible position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party." Wright, Miller, *et al.*, 9 Fed. Prac. & Proc. Civ. § 2364 (3d ed.).

WHEREFORE, for the foregoing reasons, the Court should GRANT this motion and DISMISS all claims of Jane Doe #3, Minor Doe #1, Minor Doe #2, and Minor Doe #3 WITHOUT PREJUDICE.

Dated: March 31, 2016                                   Respectfully submitted,

                                                        s/Tricia Herzfeld
                                                        Tricia Herzfeld (BPR No. 26014)
                                                        Elliott Ozment (BPR No. 4331)
                                                        William Patrick York II (BPR No. 30546)
                                                        OZMENT LAW
                                                        1214 Murfreesboro Pike
                                                        Nashville, TN 37217
                                                        (615) 321-8888
                                                        (615) 321-5230 (fax)
                                                        tricia@ozmentlaw.com
                                                        elliott@ozmentlaw.com
                                                        will@ozmentlaw.com

                                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I, Tricia R. Herzfeld, one of Plaintiff's attorneys, certify that I caused a copy of the foregoing document to be served by operation of the Court's Case Management/Electronic Case Files (CM/ECF) system upon the following attorneys of record on Thursday, March 31, 2016:

James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#031318)
PENTECOST & GLENN, PLLC
106 Stonebridge Boulevard
Jackson, TN 38305
(731) 668-5995 (office)
(731) 668-7163 (fax)
jpentecost@pgandr.com
jyork@pgandr.com
ntilly@pgandr.com

*Attorneys for Defendants*

               Respectfully submitted,

               s/Tricia Herzfeld
               Tricia Herzfeld (BPR No. 26014)

               *One of Plaintiff's Attorneys*