094-174-00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ET AL., ) | |
| ) | |
| vs. ) | No.: 3:15-0068 |
| ) | Judge Campbell |
| CORRECTIONS CORPORATION OF ) | Magistrate Judge Knowles |
| AMERICA, ET AL., ) | |

## DEFENDANT GARSKA'S RESPONSE TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION TO KELLY J. GARSKA

Defendant, Kelly Garska, by and through undersigned counsel, responds to Plaintiffs' Interrogatories and Requests for Production of Documents to Defendant Kelly J. Garska as follows:

## GENERAL OBJECTIONS

1. Defendant objects generally to any interrogatory that seeks to elicit information protected by the attorney-client or work product privilege.

2. Defendant objects to these discovery requests in that several terms are not defined and/or purport to define words in a manner not consistent with their generally understood meanings.

3. This response to the discovery does not purport to abrogate any of Defendant's rights, or purport to impose upon Defendant obligations different from or greater than those required under the Federal Rules of Civil Procedure, other applicable law, or any Court Order that may be entered governing discovery in this matter.

were given prior to, during, or after Jane Doe #1's visit on or about April 20, 2014. Also state if you asked or ordered any Prison employees to assist in dealing with Jane Doe #1 on or about April 20, 2014. State in your answer the medium by which you were asked or ordered to assist in dealing with Jane Doe #1 on or about April 20, 2014, *e.g.*, by telephone, radio, email, etc.

**ANSWER: No supervisor ordered me to assist with Jane Doe #1 on April 20, 2014. I requested another correctional officer to assist me in accompanying Jane Doe #1 to the restroom.**

6. Identify which of your supervisors, if any, asked or ordered you to assist in dealing with Jane Doe #3 on or about March 8, 2014. In your answer, specify what, if any, instructions you were given prior to, during, or after Jane Doe #3's visit on or about March 8, 2014. Also state if you asked or ordered any Prison employees to assist in dealing with Jane Doe #3 on or about March 8, 2014. State in your answer the medium by which you were asked or ordered to assist in dealing with Jane Doe #3 on or about March 8, 2014, *e.g.*, by telephone, radio, email, etc.

**ANSWER: I was not involved in any incident or "search" of Jane Doe #3.**

7. Identify who, if anyone, was supervising you during your involvement with Jane Doe #1 on or about April 20, 2014. In your answer, please state: (1) if the supervisor was present; (2) if the supervisor approved your working with Jane Doe #1; and (3) what information you communicated with the supervisor relating to your involvement with Jane Doe #1.

**ANSWER: My immediate supervisor on April 20, 2014, was Gina Gonzales. No supervisor was present when Defendant Qualls and I accompanied Jane Doe #1 to the bathroom on April 20, 2014, and I did not speak with Ms. Gonzales about Jane Doe #1 on the day of the incident.**

8. Identify who, if anyone, was supervising you during your involvement with Jane Doe #3 on or about March 8, 2014. In your answer, please state: (1) if the supervisor was present; (2) if the supervisor approved your working with Jane Doe #3; and (3) what information you communicated with the supervisor relating to your involvement with Jane Doe #3.

**ANSWER: I was not involved in any incident or "search" of Jane Doe #3.**

9. Describe which tasks to which you were assigned at the Prison on March 8, 2014, and April 20, 2014. If you performed any tasks at the Prison on those dates to which you were not

assigned, please describe those tasks and specify why you performed those tasks. In your answer, identify the Prison employees with whom you performed each task.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. Said interrogatory seeks Defendant to recall every specific task she completed on a specific day from nearly two years ago. On both March 8, 2014 and April 20, 2014, I was assigned as a visitation officer. My duties would have included, but would not have been limited to, processing visitors, observing visitors and inmates to ensure visitation rules were being followed, maintaining a log book, counting inmates and visitors and approving visitors for visits.**

10. Identify each time you have conducted, participated in, or were present for a Search (defined above), regardless of whether the visitor(s) was (were) clothed, partially clothed, or unclothed and describe the context of each Search. Identify each person on or with whom you conducted, participated in, or were present for a Search.

**ANSWER: I have participated in numerous "pat-down" searches. I have not participated in a "search" as defined by Plaintiffs other than requesting Jane Doe #1 remove and change her feminine hygiene product on April 20, 2014. At no time was Jane Doe #1 subject to a "strip search" or "bodily cavity search."**

11. Identify and describe each communication or correspondence, including the approximate date, medium of communication/correspondence, and the contents of each communication/correspondence, you have had from February 1, 2014, to the present, referencing visitors who were menstruating, suspected of menstruating, or in possession of feminine hygiene products, such as sanitary napkins, maxi pads, tampons, and menstrual cups. In your answer, identify any documents or other records exchanged during, in preparation of, or in response to any such communication/correspondence.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, said interrogatory requests information protected by the work product doctrine and the attorney/client privilege.**

12. Specify the locations, if known, of Felicia Roach and Gina Gonzales from the time Jane Doe #3 entered the Prison until she was allowed to begin her visitation on or about March 8, 2014. In your answer, describe what conduct or actions you observed, if any, involving Felicia Roach and Gina Gonzales.

**ANSWER:** I did not participate in any incident or "search" of Jane Doe #3 and I have no knowledge concerning the specific locations of Felicia Roach or Gina Gonzales on March 8, 2014.

13. Specify the locations, if known, of Mia Qualls and Gina Gonzales from the time Jane Doe #1 entered the Prison until she was allowed to begin her visitation on or about April 20, 2014. In your answer, describe what conduct or actions you observed, if any, involving Mia Qualls and Gina Gonzales.

**ANSWER: I do not know where Gina Gonzales was from the time Jane Doe #1 entered the prison to the time she was allowed to begin her visitation. Defendant Qualls and I accompanied Jane Doe #1 to the restroom where Jane Doe #1 changed her sanitary napkin.**

14. Please identify all persons who were present when Jane Doe #3 removed her tampon at the Prison on March 8, 2014.

**ANSWER: I have no knowledge of Jane Doe #3 removing her sanitary napkin on March 8, 2014.**

15. Please identify all persons who were present when Jane Doe #1 removed her sanitary napkin at the Prison on April 20, 2014.

**ANSWER: Defendant Qualls and I were the only individuals who accompanied Jane Doe #1 to the restroom when she changed her sanitary napkin on April 20, 2014.**

16. Describe your employment history from January 1, 2009, to the present. In your response, please state for each position held: (1) each employer; (2) your job title(s) at each employer; (3) the date you were hired by each employer; (4) the date you began working for each employer; (5) your salary or rate of pay for each employer (specifying any increase or decrease in your salary or rate of pay); (6) a brief description of your job duties at each employer; (7) the date you left your employer's employ; and (8) the dates you were present on your employer's premise(s) after you left your employer's employ. Please provide your answer in chronological order, that is, showing each period of employment beginning on January 1, 2009, to the present. If you took a leave of absence or resigned/were terminated from a position and thereafter returned to your employer's employ, please state in your response the above requested

RESPONSE: Defendant objects to this request as seeking information protected by the work product doctrine and the attorney/client privilege.

4. Please produce all records, reports, letters, memoranda, diary entries, or any other document you produced, drafted, wrote, read, responded to, received, or sent in preparation of, during the course of, or in response to the Searches as described in the Complaint.

RESPONSE: Defendant objects to this request as seeking information protected by the work product doctrine and the attorney/client privilege.

5. Please produce all electronic mail (email), postings on a company intranet, letters, logs, notes, and other handwritten or electronic writings describing or referencing Jane Doe # 1 and Jane Doe #3's allegations or the Search of any female visitor to the Prison.

RESPONSE: Defendant objects to this request as seeking information protected by the work product doctrine and the attorney/client privilege. Defendant knows of no such documents.

6. Please produce all records, items, and/or things you consulted, referenced, or relied upon in answering these requests and interrogatories.

RESPONSE: None.

Respectfully submitted,

PENTECOST & GLENN, PLLC

By: _____
James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#31318)
Attorneys for Defendants
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com
jyork@pgandr.com
ntilly@pgandr.com

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or paper (Defendants' Responses to Plaintiff's Interrogatories and Requests for Production) upon each attorney or firm of attorneys appearing of record by U.S. mail, postage prepaid and/or by via electronic mail.

Tricia Herzfeld
Harry Elliott Ozment
William Patrick York, II
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217

Gregory D. Cote
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110

J. Gregory Grisham
Leitner, Williams, Dooley, & Napolitan, PLLC
404 Union Street, Suite 1900
Nashville, TN 37219

DATE: This the 15th day of January, 2016.

PENTECOST & GLENN, PLLC

By: _____

## VERIFICATION

I swear or affirm that the foregoing requests for admission and interrogatories are true and correct to the best of my knowledge, information, and belief.

*Kelly J. Garska* (signature)
KELLY J. GARSKA

STATE OF TENNESSEE )
COUNTY OF Wayne )

Personally appeared before me, a Notary Public, in and for the county and state above mentioned, the within named person whose name is inscribed above, who was personally known to me or provided satisfactory proof of identity, and who upon her oath stated that she has read the foregoing responses to these requests for production and interrogatories and was exercising it as her free and voluntary act and deed and then did in my presence proceed to execute the foregoing by affixing her signature.

SWORN AND SUBSCRIBED BEFORE ME on this, the 6th day of January, 2016.

_Mary Beth Holt_ (signature)
NOTARY PUBLIC

My commission expires: January 24, 2018

[Notary Seal: MARY BETH HOLT, STATE OF TENNESSEE NOTARY PUBLIC, WAYNE COUNTY, MY COMMISSION EXPIRES 1-24-2018]