094-174-00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ET AL.,, | ) |
| | ) |
| vs. | ) No.: 3:15-0068 |
| | ) Judge Campbell |
| CORRECTIONS CORPORATION OF | ) Magistrate Judge Knowles |
| AMERICA, ET AL., | ) |

## DEFENDANT ROACH'S RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION TO FELICIA D. ROACH

Defendant, Felicia Roach, by and through undersigned counsel, responds to Plaintiffs' Requests for Production of Documents to Defendant Felicia D. Roach.

### GENERAL OBJECTIONS

1. Defendant objects generally to any interrogatory that seeks to elicit information protected by the attorney-client or work product privilege.

2. Defendant objects to these discovery requests in that several terms are not defined and/or purport to define words in a manner not consistent with their generally understood meanings.

3. This response to the discovery does not purport to abrogate any of Defendant's rights, or purport to impose upon Defendant obligations different from or greater than those required under the Federal Rules of Civil Procedure, other applicable law, or any Court Order that may be entered governing discovery in this matter.

4. Defendant objects to these discovery requests as they are an improper attempt to shift the burden of proof, and are not reasonably calculated to lead to the discovery of admissible evidence.

10. These General Objections are incorporated into each of Defendant's responses to these interrogatories and requests for production.

## II. INTERROGATORIES

1. Describe your chain of command at SCCF effective from January 1, 2014, to the present. In your response, please identify all persons above and below you in the chain of command, *i.e.*, your supervisors, their supervisors, etc., as well as any persons you supervise.

**ANSWER: A visitation correctional officer's immediate supervisor is a Senior Correctional Officer. The Senior Correctional Officer is supervised by and reports to a Shift Supervisor. A housing correctional officer's immediate supervisor is likewise a Senior Correctional Officer. The Senior Correctional Officer is supervised by and reports to a Unit Manager, followed by the Chief of Unit Management, the Assistant Warden of Operations, and the Warden. All other correctional officers are likewise supervised by a senior correctional officer, who is supervised by and reports to an Assistant Shift Supervisor, followed by a Shift Supervisor, the Chief of Security, the Assistant Warden of Operations, and the Warden.**

2. Identify every person (except your attorney) with whom you have discussed or communicated concerning, referring to, or involving:
   a. Plaintiffs' allegations and/or this lawsuit; or
   b. Your involvement on March 8, 2014, with Plaintiff Jane Doe #3.

In your response, please provide a detailed description of the substance and contents of each communication (including the title, date, author, and recipient of any written or electronic communication). This interrogatory specifically includes oral, written, and electronic communications, regardless of the medium. In your answer, please identify any documents or other records exchanged during, in preparation, in response, or as a result of any such communication.

**ANSWER: After the lawsuit was filed, I spoke to my boyfriend about the allegations in the Complaint and informed him that I had no involvement in any of the alleged incidents.**

3. As a result of the incidents involving you as described in the Third Amended Complaint, including your involvement with Jane Doe #3, did you receive any discipline, counseling, coaching, training, retraining, or advice from any CCA employee? If so, please identify the persons involved in such discipline, counseling, coaching, training, retraining, or advice, as well as the date and location of such. Please briefly describe the substance of each instance of discipline, counseling, coaching, training, retraining, or advice, if any. This interrogatory includes remediation, or corrective action, regardless of whether the same was verbal or written, formal or informal.

**ANSWER: I was not involved in any of the incidents described in the Third Amended Complaint.**

4. Identify and describe each and every verbal communication you have had with Plaintiff Jane Doe #3, at any time during March 2014. In your answer, specify approximately when and precisely where (if inside SCCF) each verbal communication occurred. Please describe in detail the substance of each verbal communication with these Plaintiffs.

**ANSWER: None.**

5. Identify which of your supervisors, if any, asked or ordered you to assist in dealing with Jane Doe #3 on or about March 8, 2014. In your answer, specify what, if any, instructions you were given prior to, during, or after Jane Doe #3's visit on or about March 8, 2014. Also state if you asked or ordered any Prison employees to assist in dealing with Jane Doe #3 on or about March 8, 2014.

**ANSWER: None. I was not involved in any of the incidents described in the Third Amended Complaint.**

6. Identify who, if anyone, was supervising you during your involvement with Jane Doe #3 on or about March 8, 2014. In your answer, please state: (1) if the supervisor was present; (2) if the supervisor approved your working with Jane Doe #3; and (3) what information you communicated with the supervisor relating to your involvement with Jane Doe #3.

**ANSWER: I was not involved in any of the incidents described in the Third Amended Complaint.**

7. Describe which tasks to which you were assigned at the Prison on March 8, 2014. If you performed any tasks at the Prison on that date to which you were not assigned, please describe those tasks and specify why you performed those tasks. In your answer, identify the Prison employees with whom you performed each task.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. Said interrogatory seeks Defendant to recall every specific task she completed on a specific day from nearly two years ago. Based upon CCA staffing records, I was assigned as the Apollo I housing officer on March 8, 2014. My job duties would include, but would not be limited to, performing security checks, observing inmates, making callouts for Chow, making callouts for visitation, performing counts, and maintaining a log book.**

8. Identify each time you have conducted, participated in, or were present for a Search (defined above), regardless of whether the visitor(s) was (were) clothed, partially clothed, or

unclothed and describe the context of each Search. Identify each person on or with whom you conducted, participated in, or were present during a Search.

**ANSWER: I have participated in "pat-down" searches. I have never conducted a "search" as defined by Plaintiffs to a female visitor.**

9. Identify and describe each communication or correspondence, including the approximate date, medium of communication/correspondence, and the contents of each communication/correspondence, you have had from February 1, 2014, to the present, referencing visitors who were menstruating, suspected of menstruating, or in possession of feminine hygiene products, such as sanitary napkins, maxi pads, tampons, and menstrual cups. In your answer, identify any documents or other records exchanged during, in preparation of, or in response to any such communication/correspondence.

**ANSWER: Defendant objects to this interrogatory as clearly seeking information protected by the work product doctrine and the attorney/client privilege and as being overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Other than the conversations identified in Interrogatory No. 2, I have had no non-privileged communications that would be responsive to this interrogatory.**

10. Specify the locations, if known, of Kelly Garska and Gina Gonzales from the time Jane Doe #3 entered the Prison until she was allowed to begin her visitation on or about March 8, 2014. In your answer, describe what conduct or actions you observed, if any, involving Kelly Garska and Gina Gonzales.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. Said interrogatory seeks Defendant to retrace the specific steps of other correctional officers on a day nearly two years ago. I was not involved in any incidents involving Jane Doe #3 and I have no knowledge concerning the specific locations of Kelly Garska or Gina Gonzales on March 8, 2014.**

11. Please identify all persons who were present when Jane Doe #3 removed her tampon at the Prison on March 8, 2014.

**ANSWER: I have no knowledge of Jane Doe #3 removing her sanitary napkin on March 8, 2014.**

12. Describe your employment history from January 1, 2009, to the present. In your response, please state for each position held: (1) each employer; (2) your job title(s) at each employer; (3) the date you were hired by each employer; (4) the date you began working for each employer; (5) your salary or rate of pay for each employer (specifying any increase or decrease in your salary or

Respectfully submitted,

PENTECOST & GLENN, PLLC

By: _____
James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#31318)
Attorneys for Defendants
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com
jyork@pgandr.com
ntilly@pgandr.com

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or paper (Defendants' Responses to Plaintiff's Interrogatories and Requests for Production) upon each attorney or firm of attorneys appearing of record by U.S. mail, postage prepaid and/or by via electronic mail.

Tricia Herzfeld
Harry Elliott Ozment
William Patrick York, II
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217

Gregory D. Cote
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110

J. Gregory Grisham
Leitner, Williams, Dooley, & Napolitan, PLLC
404 Union Street, Suite 1900
Nashville, TN 37219

DATE: This the 15th day of January, 2016.

By: _____

## VERIFICATION

I swear or affirm that the foregoing requests for admission and interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
FELICIA D. ROACH

STATE OF TENNESSEE )
COUNTY OF Wayne )

Personally appeared before me, a Notary Public, in and for the county and state above mentioned, the within named person whose name is inscribed above, who was personally known to me or provided satisfactory proof of identity, and who upon her oath stated that she has read the foregoing responses to these requests for production and interrogatories and was exercising it as her free and voluntary act and deed and then did in my presence proceed to execute the foregoing by affixing her signature.

SWORN AND SUBSCRIBED BEFORE ME on this, the 12th day of January, 2016

_____
NOTARY PUBLIC

My commission expires: 1/24/17

(Seal: NATHAN TILLY, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF DYER)