# Exhibit K

*Qualls Interrog.*

7. Describe which tasks to which you were assigned at the Prison on April 20, 2014. If you performed any tasks at the Prison on that date to which you were not assigned, please describe those tasks and specify why you performed those tasks. In your answer, identify the Prison employees with whom you performed each task.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. Said interrogatory seeks Defendant to recall every specific task she completed on a specific day from nearly two years ago. On April 20, 2014, I was assigned the Voyager 2 Housing Officer position. My job duties would include, but would not be limited to, performing security checks, observing inmates, making callouts for Chow, making callouts for visitation, performing counts, and maintaining a log book. Before coming to assist Defendant Garska and Jane Doe #1, I was relieved of my job duties in Voyager so that I could assist Defendant Garska in visitation.**

8. Identify each time you have conducted, participated in, or were present for a Search (defined above), regardless of whether the visitor(s) was (were) clothed, partially clothed, or unclothed and describe the context of each Search. Identify each person on whom or with whom you conducted, participated in, or were present for a Search.

**ANSWER: I have participated in "pat-down" searches. I have not participated in any "search" as defined by Plaintiffs other than when I accompanied Defendant Garska and Jane Doe #1 to the restroom on April 20, 2014, after Defendant Garska requested Jane Doe #1 change her sanitary napkin. At no time was Jane Doe #1 subject to a "strip search" or "bodily cavity search."**

9. Identify and describe each communication or correspondence, including the approximate date, medium of communication/correspondence, and the contents of each communication/correspondence, you have had from February 1, 2014, to the present, referencing visitors who were menstruating, suspected of menstruating, or in possession of feminine hygiene products, such as sanitary napkins, maxi pads, tampons, and menstrual cups. In your answer, identify any documents or other records exchanged during, in preparation of, or in response to any such communication/correspondence.

**ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, said interrogatory requests information protected by the work product doctrine and the attorney/client privilege.**

10. Specify the locations, if known, of Kelly Garska and Gina Gonzales from the time Jane Doe # 1 entered the Prison until she was allowed to begin her visitation on or about April 20, 2014.