094-174-00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, et al., | ) |
| | ) |
| vs. | )  No.: 3:15-0068 |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) |

___

**DEFENDANTS' EXPEDITED RESPONSE TO PLAINTIFFS' MOTION TO SEAL AND MOTION AND MEMORANDUM TO ENFORCE THE PROTECTIVE ORDER AND TO SET ASIDE OR AMEND THE ORDER OF THE COURT (D.E. 114)**
___

Defendants, Corrections Corporation of America ["CCA"], Arvil Chapman, Daniel Sullivan, Kelly Garska, Mia Qualls, Gina Gonzales, Felicia Roach and Mercedes Jones, by and through counsel, move the Court to enforce the protective order and immediately place Plaintiffs' motion for summary judgment (D.E. 109), Plaintiffs' statement of undisputed facts (D.E. 110), and Plaintiffs' Memorandum of Law (D.E. 112) under seal pursuant to the protective orders entered in this case. (D.E. 31 & 70). Defendants also move this Court to order Plaintiff's Exhibits filed in support of their motion for summary judgment (D.E. 111) remain under seal and prohibit Plaintiffs from filing a "redacted" version of the exhibits not under seal. In Plaintiffs' motion for leave to file under seal, Plaintiffs proposed to file a "public copy" of exhibits with "redactions 10 days after filing the sealed exhibits." (D.E. 108). Defendants vigorously oppose such an action by the Plaintiff. At the time that Defense counsel was preparing this response to Plaintiffs' motion for leave to file documents under seal (D.E. 108), this Court granted Plaintiffs' motion, but did not address Plaintiffs' request to file redacted exhibits as a "public copy." Defendants move the Court to prohibit Plaintiffs' from making

such a public filing of the exhibits and further the relief as set forth below.

In support of this motion, Defendants assert that Plaintiffs have failed to adhere to the language and spirit of the protective orders entered in this case. (D.E. 31 & 70). Contrary to the Plaintiff's suggestions, the protective orders were put in place not to just protect the personal information of the Plaintiffs and to avoid discussions as to the facts and circumstances that would lead to identification, they were also put in place to protect the personal information of the individual defendants and certain prison operations of CCA and SCCF. Throughout the case, Defendants have strived to not only comply with the order as to the plaintiffs' disclosure, the attorneys for the Defendants have also sought to protect the personal information that relate to the individual defendants as private citizens and the relief that is specifically granted by statutes and regulations to their privacy as correctional officers as well as to protect the operations of SCCF, an entity involved in a penalogical function. Importantly, the protective order states in part that "confidential information shall include any investigatory documents or description of the investigatory process or documents that will lead to the disclosure of operational aspects of the prison system or documents or descriptions that poses a safety and security risk and/or the release of personal and employment information of prison staff and incarcerated persons." (D.E. 24 PageID 125). While that is the specific language of the protective order, the order goes further to provide that when filing confidential information with the Court, it must be filed under seal. (D.E. 24 ¶ 7).

During the discovery process, Defendants designated nearly every document produced as confidential with no objection by the plaintiffs. Many of the documents produced in this case contain information that if disseminated to the public could compromise the safety and security at SCCF and other CCA prisons because they discuss the operations of the prisons. While Plaintiffs did file their exhibits "under seal" they did not file their motion, memorandum in support or statement of

undisputed facts under seal, in which they discuss in detail their belief as to operational aspects of SCCF by relying upon the documents and testimony in the case pertaining to the operations of SCCF and also provide numerous information that would identify their clients as well as the individual defendants.  As shown by the filings of the plaintiff, the Plaintiffs' motion, memorandum and statement of undisputed facts contain lengthy discussions regarding SCCF's policies and procedures, as well as the individual defendants. Said information was gathered through the discovery process and from numerous documents produced throughout discovery.  Clearly, under the protective order entered in this case, said information is to be treated as confidential.  It would nonsensical to argue (as the Plaintiffs apparently believe based upon their actions) that pursuant to the protective order the exhibits themselves must be filed under seal, but not any documents that discuss the content of the exhibits. Either way the confidential information is disseminated.

It is also the position of the Defendants that there is no need at this time to have this information disseminated to the public for any reason that would promote a public interest or that is specific to this case.  There is simply no need for open discussions in the public as to the present status of the case and the alleged interest of the plaintiffs as has been continuously discussed and plead by the plaintiff in other numerous filings with the Court and in discussions by the parties.

In that same light this Court should also prohibit Plaintiffs from filing a "redacted" version of the exhibits as they requested in their motion for leave to file exhibits under seal. (D.E. 108).  While Plaintiffs suggest they will file these documents after redacting the Plaintiffs' names, such redactions would not prevent the dissemination of information related to the operational and penalogical aspects at SCCF.  There is nothing cited by the plaintiffs as to this sudden change in position.   If Plaintiffs desired the protective order be changed, they should have filed a motion to change it.  They have not done so and it remains controlling in this case.  Pursuant to the protective order, Defendants filed their

motion for summary judgment, memorandum in support and statement of undisputed facts along with all exhibits under seal. (D.E. 105-107 & 113). Plaintiffs should have done so as well.

Based upon the foregoing, Plaintiffs have violated the protective order and this Court should immediately place Plaintiffs' motion for summary judgment (D.E. 109), Plaintiffs' statement of undisputed facts (D.E. 110), and Plaintiffs' Memorandum of Law (D.E. 112) under seal pursuant to the protective orders entered in this case. (D.E. 31 & 70). The Court should also order Plaintiff's Exhibits filed in support of their motion for summary judgment (D.E. 111) remain under seal; and if necessary, request the Court to amend its previous Order to specifically reflect the request of this Response and Motion. The Court can always, as permitted by the Protective order, allow the parties to address these issues through further proceedings but yet should seal the records as requested herein immediately.

Respectfully submitted,

PENTECOST, GLENN, MAULDIN & YORK PLLC

By: s/James I. Pentecost
James I. Pentecost (#11640)
Jon A. York (#23106)
Nathan D. Tilly (#31318)
Attorneys for Defendants
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com

# CERTIFICATE OF SERVICE

   This is to certify that this Response has been served electronically via the Court's ECF system or via U.S. Mail on the following:

Tricia Herzfeld
Harry Elliott Ozment
William Patrick York, II
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217

and

Jane Doe #3
and Minor Doe's 1-3
via the address provided to the Court by Jane Doe #3


  DATE: This the 28th day of July, 2016.

          PENTECOST, GLENN, MAULDIN & YORK, PLLC

          s/James I Pentecost