IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **CORRECTIONS CORP. OF AMERICA**, *et al.*, <br><br> *Defendants*. | Case No. 3:15-cv-68 <br> Judge Todd Campbell <br> Magistrate Judge Clifton Knowles <br><br><br><br><br><br> JURY DEMAND |

**PLAINTIFFS' MOTION TO UNSEAL DEFENDANTS' SUMMARY JUDGMENT PLEADINGS**
**AND**
**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'**
**"MOTION TO ENFORCE THE PROTECTIVE ORDER AND TO SET ASIDE OR AMEND**
**THE ORDER OF THE COURT (D.E. 114)"**

COME NOW Plaintiffs Jane Doe #1-2, through counsel, and hereby: (1) MOVE this Court to unseal Defendants' Motion for Summary Judgment and associated pleadings; and (2) OPPOSE Defendants' "Motion to Enforce the Protective Order and to Set Aside or Amend the Order of the Court (D.E. 114)," (Doc. 115). Plaintiffs move this Court to permit all filings in this case to be filed publicly with appropriate redactions for privacy, trade secrets, and relating to *legitimate* safety and security issues at the facility.

By their motion, presumably brought under Fed. R. Civ. P. 60(a),[1] Defendants seek to have the Court seal the parties' dispositive motions, statements of fact, and legal memoranda from the public record under their unsubstantiated, blanket assertion of "safety and security" and "operational aspects of the prison system. (*Id.* at 2).

---

[1] Defendants cite not a single authority or rule in support of their motion.

1

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re The Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted). "[T]he public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records." *In re Southeastern Milk Antitrust Litig.,* 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009). Thus, the Court of Appeals cautions against the over-sealing of motions filed with the Court: "The Sixth Circuit has recognized several interests that might justify placing records under seal. Such interests include a criminal defendant's right to a fair trial, 'certain privacy rights of participants or third parties, trade secrets and national security." *Holly v. UPS Supply Chain Sols., Inc.*, No. 3:13-cv-980-DJH-CHL, 2015 WL 3849358, at *3 (W.D. Ky. June 22, 2015) (quoting *Brown & Williamson Tobacco Corp v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984), *rev'd on other grounds sub nom. F.T.C. v. Brown & Williamson Tobacco Corp.*, 778 F.2d 35 (D.C. Cir. 1984)). None of those bases is present here. *See Holly*, 2015 WL 3849358, at *4.

While the information Plaintiffs present in their motion for summary judgment may be embarrassing for Defendants, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179; *Southeastern Milk*, 666 F. Supp. 2d at 915; *Joy*, 692 F.2d at 894; *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, No. 1:12-cv-369, 2012 WL 1377598, *1-2 (W.D. Mich. Apr. 19, 2012); *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 114 F. Supp. 3d 546, 548 (S.D. Ohio 2015) ("The mere fact that either a litigant or a third party, not involved in the litigation, may prefer to keep certain information secret does not overcome the public's strong interest in accessing public documents."); *Baker v. Yahoo! Inc.*, No. 13-cv-4980, 2015 WL 3660769, *1 (N.D. Cal. May 27, 2015).

Defendants would have Plaintiffs file their entire summary judgment papers under seal,[2] as Defendants did without the Court's leave. Above the First Amendment interest in access, the common law also supports public access. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978). In agreeing to the joint Protective Orders, (Docs. 11, 31, 70), the parties struck a balance between public access and genuine privacy and confidentiality concerns. The definition of "Confidential Information" was tailored to only include information that may genuinely "pose a safety and security risk to and/or disclose the personal and employment information of prison staff and incarcerated persons." (Doc. 70 at 2).

I. **Defendants' Motion and Supporting Documents Were Improperly Filed Under Seal and Should, with Limited Redactions, be Made Public.**

As an initial matter, Defendants did not seek permission from the Court prior to filing their motion and accompanying documents under seal. A party may not *sua sponte* file sealed documents without moving the Court for leave for a specific reason: The First Amendment presumes that court records are public. *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 8-9 (1984). However, Defendants violated the Court's rules by filing the entirety of their summary judgment filings under seal without seeking the Court's leave. (M.D. Tenn. ECF Rule 5.07).[3] Defendants' failure to seek the Court's leave was improper. (*Compare* Docs. 105-107, 113 [Defendants' filings] *with* Docs. 108-112 [Plaintiffs']).

---

[2] Notably, the courts cast an even more critical eye on efforts to seal dispositive motions, such as those for summary judgment on the merits. *See Smith & Nephew, Inc. v. N.H. Ins. Co.*, No. 2:04-cv-3027, 2010 WL 5387480, *10 (W.D. Tenn. Dec. 22, 2010); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."); *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being 'raw fruits' of discovery.'") (quoting *In re "Agent Orange" Prod. Liability Litig.*, 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983)); *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir. 1986).

[3] Rule 5.07 provides:

II.  **Plaintiffs' Motion for Partial Summary Judgment and their Statement of Undisputed Material Facts and Memorandum of Law in Support of their Motion Comport with the Protective Orders' Terms.**

Looking past the procedural infirmities with Defendants' motion, rather than *Plaintiffs'* public filings[4] being improper, it is *Defendants* who improperly seek to shield *all* of the parties' moving papers in this case. In agreeing to the joint Protective Orders in this case, (Docs. 11, 31, 70), the parties struck a balance between public access and genuine privacy and confidentiality concerns. The definition of "Confidential Information" was tailored to only include information that may genuinely "pose a safety and security risk to and/or disclose the personal and employment information of prison staff and incarcerated persons." (Doc. 70 at 2).

Plaintiffs properly filed their documents publicly while at the same time complying with the Protective Order in this case. Plaintiffs' motion for partial summary judgment, memorandum of law, and statement of undisputed material facts do not divulge any "Confidential Information" covered by the protective order. Plaintiffs' filings do not disclose information that the public could not already obtain by

---

A party seeking to file documents under seal must (1) electronically file a motion for leave of Court to do so via the Court's Electronic Filing System; and (2) by separate entry immediately thereafter, submit the proposed sealed documents by selecting the "Sealed Document" event option in the Court's Electronic Filing System. **Any documents purported to be filed under seal without leave of Court will automatically become part of the public record**. When documents are ordered to be placed under seal, the Clerk will officially file the documents and such documents will be electronically accessible only to the Court.

(emphasis added).

[4]  "Plaintiffs' public filings" refers to Docs. 109, 110, and 112, which the Magistrate temporarily ordered sealed until the resolution of this issue. (Doc. 117). Defendants' motion is meritless and should be denied.  Defendants cannot demonstrate that any of Plaintiffs' public filings contravened the protective orders, the public interest is in the broad accessibility of the District Court's records and filings (particularly in civil rights cases under 42 U.S.C. § 1983), and the Defendants' blanket designation of all moving papers as "confidential" is an extraordinary affront to the First Amendment rights of Plaintiffs and the public.

proper means, (Doc. 70 at 1), such as through a Public Records Act request. Defendants cannot demonstrate that Plaintiffs' public filings would "adversely affect [CCA's] business operations, proprietary information …, and/or interests in individual privacy[.]" (*Id.* at 1-2). Furthermore, Plaintiffs' public filings do not divulge "investigatory documents or a description of the investigatory process," as Defendants admitted they conducted no investigation (aside from the investigation by their attorneys) into the facts forming the basis of this civil rights case. Plaintiffs do not describe in their public filings "documents that will lead to the disclosure of operational aspects of the prison system." (*Id.* at 2). Plaintiffs do not quote any materials marked "confidential" in their statement of facts or memorandum in support of their motion. Plaintiffs do not disclose information from the depositions designated as "confidential."[5] Further, Plaintiffs quoted or stated only non-confidential information in their statement of facts and legal brief. To the contrary, the only documents relating to the "prison system" upon which Plaintiffs rely are publicly available documents, such as the state's published, written policies, and information that would be gleaned by any member of the public to visit SCCF or from SCCF's own website. Plaintiffs certainly did not—and have no interest in—disclosing facts involving "operational aspects of the prison system" that would jeopardize safety, such as contingency plans in case of hostages, emergencies, riots, areas not covered by closed-circuit camera surveillance, *etc*.

As Defendants themselves admit, they "designated nearly every document produced as confidential." (Doc. 115 at 2). *See Mangosoft, Inc. v. Oracle Corp.*, No. 02-CV-545, 2005 WL 2203171 (D.N.H. Sept. 9, 2005). Plaintiffs, in the interest of judicial economy and the conservation of resources, did not

---

5     The only portions of the depositions designated as confidential pertained to Plaintiffs' true identities and the individual Defendants' personal details.

challenge every improper designation at the time they were made, but instead chose to see what "confidential" information, if any, was truly necessary to disclose in the prosecution of this case.[6]

However, now that Defendants have chosen to take such an extreme interpretation of the terms of the Protective Order, Plaintiffs challenge every designation of confidentiality that Defendants assert Plaintiffs breached. Unfortunately, Defendants have made only bare, conclusory allegations and it is difficult for Plaintiffs—or anyone—to discern which specific portions of Plaintiffs' public filings run counter to the protective order; Defendants offer not a single example. *See In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299-300 (S.D. Ohio 1995) (finding Fourth Amendment right to access search warrant affidavit, rejecting assertion that redaction was not "practical," and holding that government "has failed to demonstrate a legitimate basis upon which to maintain these materials under seal some six months after the search."); *Roundtree v. Chase Bank USA, N.A.*, No. C13-239-MJP, 2013 WL 6729582, *1 (W.D. Wash. Dec. 18, 2013) (party seeking to seal summary judgment record did not sufficiently "show, with the required particularity, specific prejudice or harm that will result if the information is disclosed."); *Steshenko v. Gayrard*, No. 13-CV-3400 *et al.*, 2015 WL 602396, *2 (N.D. Cal. Feb. 11, 2015).

**III.     Because Defendants Cannot Satisfy their Formidable Burden, Defendants' Proposal to Seal the Entire Summary Judgment File, Including the Parties' Substantive Arguments, in this Case is Improper, Violates the First Amendment, and Violates the Common-Law Right to Public Access.**

The First Amendment, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980), and the common law separately protect access to the Court's files. *Brown & Williamson*, 710 F.2d at 1177. Thus, unlike the discovery phase, the Court's power to restrict access to information in court filings is

---

[6]     The burden remains on *Defendants* to demonstrate that Plaintiffs' public filings are, in fact, genuinely confidential. *Millwrights' Local 1102 Supplemental Pension Fund v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 07-15150, 2010 WL 2772443, *4 (E.D. Mich. July 13, 2010) (quoting *White GC Servs., Ltd. Partnership*, No. 08-11532, 2009 WL 174503, *2 (E.D. Mich. Jan. 23, 2009)). Because no confidential information is contained in Plaintiffs' publicly filed documents, Defendants' motion should be denied.

6

"significantly narrowed." *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, – F. Supp. 3d –, 2015 WL 3505793, *6 (S.D. Ohio June 3, 2015), *reaff'd*, 114 F. Supp. 3d at 546. Rather than the lower "good cause" standard required of *discovery* protective orders, Defendants must prove "compelling reasons" to justify the sealing of court filings. *Meyer Goldberg*, 823 F.2d at 163; *Kamakana*, 447 F.3d at 1179-80; *Knoxville News-Sentinel*, 723 F.2d at 476 ("most compelling reasons"). Noting that "content-based exceptions to the right of access have been developed to protect competing interests," the Sixth Circuit has held that in addition to a criminal defendant's Sixth Amendment right to a fair trial, the interests that may surmount the heavy common-law presumption in favor of free public access are "certain privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson*, 710 F.2d at 1179 (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)). Because Plaintiffs' public filings do not undermine "certain privacy rights of participants or third parties, trade secrets," or "national security" concerns, the Court should deny Defendants' motion and order public access.

The Court's prior decisions underscore Defendants' overbroad reading of the jointly agreed protective order's terms. For instance, in a case involving an apartment raid by U.S. Department of Homeland Security officials and others, the parties entered into protective orders similar to the ones at issue in this case. *See, e.g., Nuñez Escobar v. Gaines*, No. 3:11-cv-994 (M.D. Tenn.), Docs. 157, 261. The federal government did not oppose the plaintiffs' public filing of their statement of undisputed material facts, motion, or memorandum of law, but plaintiffs did place some of the exhibits under seal (with leave of court). *Id.* at Docs. 371, 374-377. The Court went on to order the parties to file appropriately redacted copies of sealed documents—the very compromise Plaintiffs sought through their motion, (*see* Docs. 108, 114, 116, *but see* Doc. 117). *Nuñez Escobar*, No. 3:11-cv-994 at Docs. 359, 396, 446; *accord Akridge v.*

*Finnegan*, No. 3:13-cv-588 (M.D. Tenn.), Docs. 92, 94-95); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-md-2343, 2014 WL 994383, at *1 (E.D. Tenn. March 11, 2014).[7]

Defendants' woefully overbroad reading of "Confidential Information" is tantamount to a gag order on every aspect of SCCF's operation, placing the conduct of state actors, like CCA and its employees, outside the realm of public inquiry. Under Defendants' broad reading of the protective order, any filing even *mentioning* prison conditions at a CCA-run state prison (as SCCF is) would be locked away, effectively immunizing CCA prisons from public scrutiny on an issue of obvious public import—the unconstitutional practices of a privately managed but state-owned Tennessee prison. *See Encana*, 2012 WL 1377598 at *2 ("If [Defendants'] assertions were accepted, the court would be faced with sealing most of the record in this case. If the very nature of the dispute and the details of plaintiff's controversy with defendants are somehow secret, then the answer, other pleadings, dispositive motions and briefs, and the evidence supporting them would presumably also be accorded confidential treatment. This approach to civil litigation is unprecedented.").

Defendants' logic mandates that every document filed in this matter that mentions any factual materials (including the Complaint) should be sealed and obscured from the public eye. *See Encana*, 2012 WL 1377598 at *2. And what for the Court's memorandum and order on this motion, or on the parties' cross-motions for summary judgment? Under Defendants' unbounded interpretation of the protective order, the Court's own opinions should be sealed. *See Skelaxin*, 2014 WL 994383, at *1 ("In order for the public to understand the basis for the Court's decisions, it is essential for the public to have access to the motions and memorandums filed in regard to those motions."). Clearly, neither the parties nor the Court

---

[7] Moreover, while Defendants deride Plaintiffs' proposal to file a redacted copy of exhibits, Fed. R. Civ. P. 5.2(d) specifically contemplates the remedy Plaintiffs sought: "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

8

contemplated such an extreme interpretation of the protective order,[8] and Defendants' position seeking a presumably secret opinion based on secret legal arguments, secret facts, and secret evidence, is antithetical to our system of justice[9] and "repugnant to the genius of American institutions," *Ex parte Drawbaugh*, 2 App. D.C. 404, 406-07 (D.C. Cir. 1894); *see also Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987).

Particularly given the strong presumption favoring public access to court documents under both the common law and the First Amendment, Defendants' failure to support their motion with legal authority and citations to specific "violations" of the protective order is fatal to their motion. *Hamilton Cnty. Emergency Comm. Dist. v. Bellsouth Telecom., LLC*, No. 1:11-cv-330 *et al.*, 2014 WL 11444069 (E.D. Tenn.

---

[8] Plaintiffs would not have agreed to the protective order under the terms Defendants now claim. To the extent that the protective orders in this case are vague and replete with undefined terms, the Court should exercise its inherent powers to modify its orders governing discovery, pursuant to Rule 26, to appropriately balance <u>genuinely confidential</u> information with the public's unquestionable right to public access to the Court's records and non-confidential factual material on an issue of enormous public concern—the management of the state's prisons and the constitutional rights of women. The safeguarding of our constitutional rights is always in the public interest, notwithstanding Defendants' appalling assertion that "there is no need at this time to have this information disseminated to the public for any reason that would promote a public interest or that is specific to this case," and "simply no need for open discussions in the public as to the present status of the case and the alleged interest of the plaintiffs…." (Doc. 115 at 3). Defendants' assertion is incorrect. Not only is there a public interest in the Court's filings in general terms, this particular case has brought significant attention from the press and CCA's shareholders (CCA is a publicly traded real estate investment trust), both locally and elsewhere in notable newspapers such as *The New York Times. See, e.g.,* Kevin Lessmiller, "CCA Must Face Claims for Menstruation Search," *Courthouse News Serv.* (July 13, 2015), *available at* http://www.courthousenews.com/2015/07/13/cca-must-face-claims-for-menstruation-search.htm; "Strip Searches of Female Visitors on Their Menstrual Period Addressed at CCA Shareholder Meeting," *Prison Legal News* (July 7, 2015), *available at* https://www.prisonlegalnews.org/news/2015/jul/7/strip-searches-female-visitors-their-menstrual-period-addressed-cca-shareholder-meeting/; Rick Wilking, "Woman strip-searched by prison guards to prove she's menstruating," Reuters via RT.com (Jan. 24, 2015), *available at* https://www.rt.com/usa/225815-woman-strip-searched-menstruating/. This case has also garnered considerable public attention on Twitter, with news stories referencing this case being "retweeted" nearly 1,000 times.

[9] "The Sixth Circuit has pointed out that the presumption of access to court proceedings finds its genesis in the founding principles of this country and a revulsion against secret judicial proceedings, such as those held in the Star Chamber and other prerogative courts." *Encana*, 2012 WL 1377598 at *2 (citing *Brown & Williamson*, 710 F.2d at 1177 n. 6).

Jan. 22, 2014); *Brown & Williamson*, 710 F.2d at 1180 (quoting *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the Court GRANT this motion to unseal Defendants' summary judgment filings, DENY Defendants' motion, (Doc. 115), and VACATE its prior order, (Doc. 117), retroactively sealing Plaintiffs' summary judgment filings, (Docs. 109, 110, 112), with the exception of the exhibits in support of Plaintiffs' motion, (Doc. 111 and 32 attachments thereto). Plaintiffs further request that the Court GRANT their motion to file a public, redacted copy of the sealed exhibits in due course. (Docs. 108, 114, 116). To minimize the necessity for the Court's involvement, Plaintiffs are willing to transmit to Defendants a proposed redacted copy of the exhibits prior to public filing, over which Defendants may object and seek the Court's intervention if necessary.

Dated: August 1, 2016

Respectfully submitted,

*s/Tricia Herzfeld*
*s/William P. York II*
Tricia Herzfeld (No. 26014)
Elliott Ozment (No. 4331)
William P. York II (No. 30546)
Ozment Law
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
(615) 321-5230 (fax)
tricia@ozmentlaw.com
elliott@ozmentlaw.com
will@ozmentlaw.com

*Attorneys for Jane Doe #1-2*

# CERTIFICATE OF SERVICE

I certify that I served the foregoing document, Response in Opposition and Motion, to the following parties or attorneys of record via the Court's Case Management/Electronic Case Filing system on the date inscribed below:

James I. Pentecost
Jon A. York
Nathan D. Tilly
Pentecost and Glenn, PLLC
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com

Attorneys for Defendants

I certify that I served the foregoing document, Statement of Undisputed Material Facts in Support of Plaintiffs Jane Doe #1 and Jane Doe #2's Motion for Summary Judgment (and all appendices thereto), to the following parties or attorneys of record via U.S. mail, first-class postage prepaid thereon:

Jane Doe #3
[Confidential]

Dated: August 1, 2016                                                      Respectfully submitted,


*s/Tricia Herzfeld*
*s/William P. York II*
Tricia Herzfeld (No. 26014)
Elliott Ozment (No. 4331)
William P. York II (No. 30546)
OZMENT LAW
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
(615) 321-5230 (fax)

*Attorneys for Jane Doe #1-2*