IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>  *Plaintiffs*,<br><br>v.<br><br>**CORRECTIONS CORP. OF AMERICA**, *et al.*,<br><br>  *Defendants*. | Case No. 3:15-cv-68<br>Judge Todd Campbell<br>Magistrate Judge Clifton Knowles<br><br><br><br><br>JURY DEMAND |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO UNSEAL SUMMARY JUDGMENT FILINGS**

**PLAINTIFFS' MOTION FOR LEAVE TO SUR-REPLY INSTANTER
IN OPPOSITION TO DEFENDANTS' "MOTION TO ENFORCE THE PROTECTIVE ORDER AND TO SET ASIDE OR AMEND THE ORDER OF THE COURT (D.E. 114)"**

COME NOW Plaintiffs Jane Doe #1-2, through counsel, and hereby reply in support to Plaintiffs' Motion to Unseal Summary Judgment Filings, (Doc. 119), and move this Honorable Court to accept this filing as a reply in support of Plaintiff's motion and as a sur-reply in opposition to Defendants' "Motion to Enforce the Protective Order and to Set Aside or Amend the Order of the Court (D.E. 114)," (Doc. 115), pursuant to Local Rule 7.01(b).[1]

---

[1] It is well-established that it is improper to raise new factual material or argument on reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)); *Int'l-Matex Tank Terminals-Illinois v. Chem. Bank*, No. 1:08-cv-1200, 2009 WL 1651291, *2 (W.D. Mich. June 11, 2009). Consequently, sur-replies may be allowed especially "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003). In fact, the arguments Defendants raise for the first time in their reply are waived. *See Scottsdale Ins.*, 513 F.3d at 553.

1

Defendants' filing does not appropriately address the issues Plaintiffs raised in response to Defendants' motion or in reply to Plaintiffs' motion to unseal. *See Scottsdale Ins.*, 513 F.3d at 553. Putting aside Defendants' various aspersions cast upon Plaintiffs (without factual support) and distortions of Plaintiffs' arguments, (*see* Doc. 126 at 1-8), none of the legal arguments Defendants raise for the first time have merit. Defendants cite a number of cases describing how "dangerous" prisons are and how this Court "should be hesitant to become involved in the prison administration business," (*id.* at 5), but they do not address the serious common-law and First Amendment issues Plaintiffs raised in their briefing on this issue. (*Compare* Doc. 119 *with* Docs. 115, 126). Rather, they push aside the fundamental importance of free access to the courts and accountability of state actors to the public and choose to simply restate the importance of "safety and security," refer to Plaintiffs' allegations as "wild," (*see, e.g.,* Doc. 126 at 7), and berate Plaintiffs for bringing this name pseudonymously, (*id.*)—an issue the Court ruled on long ago, (Doc. 11).

The cases Defendants raise (for the first time), (Doc. 126 at 6), do not compel the blanket, complete censorship of the entire dispositive motions docket. Defendants' citations, relying predominately on out-of-Circuit district court decisions, do not support the extreme measures Defendants propose. The Supreme Court decision Defendants cite pertained to prisoner disciplinary hearings and is not germane to the issues raised in publicly filing summary judgment briefing. By contrast, the instant case involves the rights of free visitors present in a public area of SCCF undergoing unnecessary and unfounded strip searches. The remaining cases Defendants cite, (Doc. 126 at 6), are inapposite. Each of the remaining cases involved *pro se* prisoner litigants, which of course raises more acute concerns than this case. The only in-Circuit district court decision Defendants cite involves not the entire summary judgment file, but rather a particularly sensitive security surveillance tape that may show blind spots not captured by surveillance cameras. (*Id.*)

(citing *Lawrence v. Thompson*, 2016 U.S. Dist. LEXIS 9897 (W.D. Ky. Jan. 27, 2016) (Doc. 126-3)). Other cases Defendants cite involved, *inter alia*, information that would reveal the identity of a confidential prison informant, confidential corrections officer manuals including specific guidelines for combating gang activity, ongoing investigations, and access to an inmates own medical records. None of the cited authority justifies the wholesale censorship of all summary judgment papers.[2]

Defendants have not met their heavy burden of proving "compelling reasons" to support the mass censorship of summary judgment filings. Defendants' generalized assertions of "safety and security" will not suffice. *See United States v. Nallani*, No. 11-cr-20365, 2016 WL 4138227, *3 (E.D. Mich. Aug. 3, 2016). Therefore, Plaintiffs rest upon their memorandum and the points and authorities addressed therein, (Doc. 119). Furthermore, any *legitimate* security concerns would be assuaged by Plaintiffs' original motion to file the exhibits under seal, with appropriately redacted public copies filed thereafter. (*See* Doc. 108). Plaintiffs have recommended cross-submission of proposed redacted copies, with the Court's intervention if necessary. (*See* Doc. 119 at 6-10). The approach Plaintiffs proposed is endorsed by the Rules, *see* Fed. R. Civ. P. 5.2(d), and by the precedents Plaintiffs cited in their previous brief, (Doc. 119).

---

[2] Defendants argue that the public's right to know should be limited to only the complaint and Defendants' answer. (Doc. 126 at 7). By Defendants' logic, not only would the public's knowledge be limited to originating case documents in *every* case involving prisons and Corrections Corporation of America, but also would similarly severely curtail public access to the facts in support of every motion to suppress, every challenge to government searches and seizures.

While it is understandable that Corrections Corporation of America would prefer the facts supporting Plaintiffs' claims remain private, corporate embarrassment is not a "compelling" reason to support the extraordinary measures Defendants propose. *See, e.g., Rose v. Bunts*, No. 4:14-cv-82, 2014 WL 2964938 (N.D. Ohio June 30, 2014); *Nallani*, 2016 WL 413227 at *4.

Wherefore, for the foregoing reasons, and for the reasons more fully described in Plaintiffs' principal brief, the Court should GRANT Plaintiffs' motion to consider this filing as a reply and sur-reply, DENY Defendants' motion, and GRANT Plaintiffs' motion.

Dated: August 9, 2016                                   Respectfully submitted,

*s/Tricia Herzfeld*
*s/William P. York II*
Tricia Herzfeld (No. 26014)
Elliott Ozment (No. 4331)
William P. York II (No. 30546)
Ozment Law
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
(615) 321-5230 (fax)
tricia@ozmentlaw.com
elliott@ozmentlaw.com
will@ozmentlaw.com

*Attorneys for Jane Doe #1-2*

CERTIFICATE OF SERVICE

I certify that I served the foregoing document to the following parties or attorneys of record via the Court's Case Management/Electronic Case Filing system on the date inscribed below:

James I. Pentecost
Jon A. York
Nathan D. Tilly
Pentecost and Glenn, PLLC
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com

      Attorneys for Defendants

I certify that I served the foregoing document (and all appendices thereto), to the following parties or attorneys of record via U.S. mail, first-class postage prepaid thereon:

Jane Doe #3
[Confidential]

Dated: August 9, 2016            Respectfully submitted,

                                      *s/Tricia Herzfeld*
                                      *s/William P. York II*
                                      Tricia Herzfeld (No. 26014)
                                      Elliott Ozment (No. 4331)
                                      William P. York II (No. 30546)
                                      OZMENT LAW
                                      1214 Murfreesboro Pike
                                      Nashville, TN 37217
                                      (615) 321-8888
                                      (615) 321-5230 (fax)

                                     *Attorneys for Jane Doe #1-2*