IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

JANE DOE #1; JANE DOE #2; and JANE DOE )
#3, on behalf of herself and as next )
friend of MINOR DOE #1, MINOR DOE #2, )
and MINOR DOE #3, )
                          Plaintiffs, ) Case No.
                                   ) 3:15-cv-68
vs. )
 )
CORRECTIONS CORPORATION OF AMERICA; )
ARVIL "BUTCH" CHAPMAN, in his )
individual capacity and in his )
official capacity as warden of the )
South Central Correctional Facility; )
DANIEL SULLIVAN, in his individual )
capacity and in his official capacity )
as chief of security of the South )
Central Correctional Facility; KELLY )
J. GARSKA, in her individual and )
official capacities; MIA W. QUALLS, in )
her individual and official capacities; )
FELICIA D. ROACH, in her individual and )
official capacities; MERCEDES JONES, in )
her individual and official capacities; )
DEBRA ROBERTS CORNWALL, in her )
individual and official capacities; )
and TRINITY SERVICES GROUP, INC., )
                          Defendants. )

---

Deposition of:
SHEILA VAUGHN
June 22, 2016
Taken on behalf of the Plaintiffs

---

BRIGGS & ASSOCIATES COURT REPORTING
LINDA WORLEY
222 Second Avenue North
Suite 360M
Nashville, Tennessee 37201
(615) 440-7405

A. That she was standing with other people and there was a positive hit by a dog. And since she was in close proximity to these people, she was searched that way, but that drugs were actually found on another employee.

Q. And the same procedure was described by her, in that there were two female employees, they went in the bathroom, they turned their back, and she changed out her napkin?

MS. HERZFELD: Object to the form of the question.

THE WITNESS: I cannot recall her description of the events, but I know that she did testify to that.

BY MR. PENTECOST:

Q. And how did you define contraband?

A. As I mention in my report, contraband is -- my training was anything that's not sold in commissary or given to inmates by the administration or allowed in packages in considered contraband.

Q. Okay. And a tampon or a feminine napkin in this situation would be contraband?

MS. HERZFELD: Object to the form of the question.

THE WITNESS: On a visitor?

BY MR. PENTECOST:

Q. Yes.

A. I'm not -- it's not in the list of approved items by the visit handbook, so it would be a prohibited item.

Q. Which would be contraband?

A. Contraband.

Q. Do you know what other states do not allow feminine products into a male facility?

A. No, I don't.

Q. Have you looked at Arkansas?

A. No.

Q. Have you looked at Florida?

A. No.

Q. Have you looked at Oklahoma?

A. No.

Q. Have you looked at California?

A. No.

Q. Have you looked at the Federal Bureau of Prisons?

A. No.

Q. And there is no doubt that CCA does provide feminine products to visitors?

A. That's the testimony, yes.

Q. What is a BOSS chair?

our adolescent facilities there were.

BY MR. PENTECOST:

Q.     But I'm saying do you think it's proper security measures to say at least, hey, maybe we got rid of the contraband --

MS. HERZFELD:  Object to the form of the question.

BY MR. PENTECOST:

Q.     -- instead of making the guard to check the diaper or go through the poop or --

A.     It was -- became a routine to ask mothers to change the baby's diaper before they went on the visit. Part of that is because our visits only lasted an hour. They weren't that long. And you didn't want to interrupt it for that. But it wasn't based on reasonable suspicion. So it was just a routine.

Q.     Could it be that you just ask a woman, if you feel a pad while they're doing the frisk search, say, hey, you've got to change out your pad, not in our presence, go in the bathroom, you change out the pad and then your visit is ready to go?

MS. HERZFELD:  Object to the form of the question.

BY MR. PENTECOST:

Q.     Would that be --

| | |
|---|---|
| 1 | A.         Would that be better than what goes -- |
| 2 | Q.         No, no. Would that violate anyone's |

A.         Would that be better than what goes --

Q.         No, no. Would that violate anyone's constitutional rights or be an undue burden upon a visitor?

MS. HERZFELD: Object to the form of the question.

THE WITNESS: I do not believe it would be an undue burden, no.

BY MR. PENTECOST:

Q.         And that's in a prison setting?

A.         Uh-huh, yes.

Q.         Okay. You say in your report you don't know of anybody attempting to smuggle anything in in a sanitary napkin?

A.         Not in my experience, no.

Q.         Have you ever heard of it?

A.         No.

Q.         Have you ever heard of anybody trying to smuggle in something that was shaped or like a sanitary napkin?

A.         Not that I'm aware of.

Q.         In forming marijuana or a package of marijuana to be like a pad?

A.         No.

Q.         And it would be that in CCA, if I didn't have

```
STATE OF TENNESSEE      )
COUNTY OF WILLIAMSON    )
```

                    I, LINDA WORLEY, LCR, Licensed Court Reporter in and for the State of Tennessee at large,

                    DO HEREBY CERTIFY that the foregoing was taken at the place set forth in the caption thereof; that the proceedings of said were stenographically reported by me in shorthand; and that the foregoing pages constitute a true and correct transcription of said proceedings to the best of my knowledge, skills and ability.

                    I DO FURTHER CERTIFY that I am not related to nor an employee of counsel or any of the parties to the action, nor am I in any way financially interested in the outcome of this action.

                    IN WITNESS WHEREOF, I have hereunto affixed my official signature and seal of office July 13, 2016, at Brentwood, Tennessee.

---

Linda Worley, LCR
LCR #124, Expires 6-30-16