IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**CORRECTIONS CORP. OF AMERICA**, *et al.*,<br><br>    *Defendants*. | Case No. 3:15-cv-68<br>Judge Todd Campbell<br>Magistrate Judge Clifton Knowles<br><br><br><br>JURY DEMAND |

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Come now Plaintiffs Jane Doe #1-2, through counsel, and hereby reply to Defendants' response in opposition to Plaintiffs' Motion to Strike Charles Fisher's Declaration:

In their response, Defendants both fail to recognize that the facts and opinions Mr. Fisher relied on and made were not considered in the light most favorable to Plaintiffs, *see Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995), and fail to address the conclusory nature of Mr. Fisher's statements and the numerous evidentiary defects with the declaration. While Plaintiffs submit the record speaks for itself in demonstrating significant contradictions[1] between Mr. Fisher's prior sworn testimony (including in deposition) and his declaration, even if Mr. Fisher does not contradict himself, Defendants failed to address Plaintiffs' argument that Mr. Fisher's

---

[1] Plaintiffs maintain that Mr. Fisher's declaration, read in tandem with the context of his deposition testimony, contains numerous contradictions, some of which Plaintiffs discussed in detail. (*See, e.g.,* Doc. 134 at 5-10).

*Page 1*

testimony is inadmissible and not permissible material under Rule 56(c).[2] Defendants' arguments in opposition to Plaintiffs' Motion to Strike are not persuasive, and the Court should not consider Mr. Fisher's declaration under Fed. R. Civ. P. 56(c). *See McKissick v. Electrolux Home Prods., Inc.*, No. 3:09-cv-1112, 2011 WL 4526805, at *3-4 (M.D. Tenn. Sept. 28, 2011) (affirming decision striking bare expert declaration).

Mr. Fisher's declaration contains information and statements over which Mr. Fisher lacked personal knowledge or sufficient knowledge to satisfy Rule 56(c)(4)'s strict, compulsory requirements. (*See* Doc. 134 at 6 n. 6, 7-10). Defendants' response overlooks that Mr. Fisher's declaration contained only bare conclusions, many of them legal conclusions, (*e.g.,* "policy and practice," "reasonable suspicion"), that fall short of Rule 56(c)'s requirements. Defendants also are unable to rebut that Mr. Fisher testified in his declaration on topics on which he lacks competence or personal knowledge under Rule 56(c)(4), (*see, e.g.,* Doc. 134 at 6-11) (ACA accreditation, implementation of TDOC policies at the South Central Correctional Facility, the meaning of "in the presence of" under Policy 506.06, that sanitary napkins are dangerous, the use of sanitary napkins in correctional environments, "appropriate … training," Defendants' supposed reasonable suspicion factors, reasonable suspicion as a legal standard, whether Plaintiffs "knew the rules," whether Plaintiffs were "testing the system," what is "contraband" at SCCF, SCCF's treatment of feminine

---

[2] If Mr. Fisher's declaration is *not* a late-disclosed supplemental expert report, as Defendants argue, and instead is only a declaration in support of their motion for summary judgment, Defendants' argument is no more availing. Defendants' response omits Fed. R. Civ. P. 26(c)(4)'s mandatory requirement that declarations in support of summary judgment be based on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. *See* Wright, Miller, *et al.*, 10B Fed. Prac. & Proc. § 2738 (4th ed.). As Defendants submitted Mr. Fisher's declaration in *support* of *their* motion for summary judgment, Defendants must establish that the declaration's contents would be admissible at trial. The Court must resolve any doubts concerning the quality of the declaration in *Plaintiffs'* favor. *Id.*; *Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc.*, 626 F. Supp. 159, 164 (N.D. Ill. 1985); *Western Land Corp. v. Crawford-Merz Co.*, 62 F.R.D. 550 (D. Minn. 1973).

hygiene products *vis-à-vis* baby products, *etc.*). Similarly, Mr. Fisher's bare legal conclusions and speculation are not admissible and may not be considered, as they belie Mr. Fisher's "competen[ce]" to testify on many factual matters, "personal knowledge," and "facts that would be admissible in evidence," Fed. R. Civ. P. 56(c)(4); *see also Sigmon v. Appalachian Coal Prop., Inc.*, 400 F. App'x 43, 49 (6th Cir. 2010); *Alexander v. CareSource*, 576 F.3d 551 (6th Cir. 2009); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219-20 (5th Cir. 2015). The content of Mr. Fisher's declaration is highly disputed. Additionally, Defendants' claim that the declaration is not new, substantive evidence—but rather, merely a summary of his previous testimony, (Doc. 152 at 1, 4)—cannot be accurate given that Mr. Fisher's deposition *in context* undermines his later-occurring declaration, and in any event, a declaration that is no more than a summary of testimony already in the record is improper and unnecessary.

Defendants presented Mr. Fisher's declaration in support of their own motion for summary judgment—where they should have, but did not, consider the facts in *Plaintiffs'* favor. Thus, the entire declaration is improper. Mr. Fisher's unsupported suppositions are inappropriate to consider on summary judgment, particularly when the Court must read those conjectures in favor of the nonmoving party, Plaintiffs. His lack of knowledge concerning the issues he stated in his declaration disqualifies it from consideration under Rule 56(c)(4).

Finally, Defendants' characterization of Mr. Fisher's declaration as merely a "summary," (Doc. 152 at 1, 2, 4), does not save it from being untimely. The Court's case management order required the parties to submit to the adverse parties *all* material required by Fed. R. Civ. P. 26(a)(2)(B) by the expert disclosure deadline. (*See* Docs. 61 at 2 (§ I), 80 at ¶ 2). By its explicit terms, Rule 26(a)(2)(B)(iii) requires the parties to submit with their expert reports "<u>any exhibits</u>

that will be used to <u>summarize</u> or support" the experts' opinions. (emphases added). *See, e.g., Spurlock v. Fox*, No. 3:09-cv-756, 2010 WL 3807167, at *7 (M.D. Tenn. Sept. 23, 2010). As Defendants' response admits Mr. Fisher's declaration is a "summary" of prior testimony, it is filed beyond the deadline.

    For these reasons, and the reasons more fully described in Plaintiffs' memorandum of law in support of the instant motion, (Doc. 134), Plaintiffs respectfully request the Court GRANT Plaintiffs' Motion to Strike, (Doc. 133).

Dated: September 16, 2016            Respectfully submitted,

<u>s/William P. York II</u>
Tricia Herzfeld (No. 26014)
Elliott Ozment (No. 4331)
William P. York II (No. 30546)
OZMENT LAW
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
(615) 321-5230 (fax)

*Attorneys for Jane Doe #1-2*

CERTIFICATE OF SERVICE

I certify that I served the foregoing document, Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Strike Charles Fisher's Declaration, to the following parties or attorneys of record via the Court's Case Management/Electronic Case Filing system on the date inscribed below:

James I. Pentecost
Jon A. York
Nathan D. Tilly
Pentecost and Glenn, PLLC
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 – Telephone
(731) 68-7163 – Facsimile
jpentecost@pgandr.com

    Attorneys for Defendants

I certify that I served the foregoing document, Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Strike Charles Fisher's Declaration, to the following parties or attorneys of record via U.S. mail, first-class postage prepaid thereon:

Jane Doe #3
[Confidential]

Dated: September 16, 2016                        Respectfully submitted,

                                                  *s/William P. York II*
                                                  Tricia Herzfeld (No. 26014)
                                                  Elliott Ozment (No. 4331)
                                                  William P. York II (No. 30546)
                                                  OZMENT LAW
                                                  1214 Murfreesboro Pike
                                                  Nashville, TN 37217
                                                  (615) 321-8888
                                                  (615) 321-5230 (fax)

                                                  *Attorneys for Jane Doe #1-2*